**ZAJICEK et, Plaintiffs-Appellees, v. OWENS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5338. Decided October 1, 1956.

John L. Davies, Jr., Columbus, for plaintiffs-appellees.
Vernon J. Kertzinger, Columbus, for defendant-appellant.

**OPINION**

By THE COURT.

This is a law appeal from a judgment of the Municipal Court of Columbus, Ohio. The action was one seeking to recover the contract price for an aluminum awning erected over the front porch of the defendant-appellant's home. Specifications contained in the contract provided that the awning should project 74 inches, drop 24 inches and be 290.5 inches in length, for a total of 171.89 feet. The record reveals that the measurements were made by the agent of the plaintiff who secured the order and it also discloses that the awning did not extend 4 inches beyond the dimensions of the porch floor, which the defendant says she requested, but that it was so constructed that water dropped from the awnings onto the concrete floor below. For this reason she was not satisfied with the work and payment was refused. There was no evidence that the work was not done in accordance with the terms of the written contract. The answer contained a general denial and also a cross-petition for damages to the property.

The trial court rendered a judgment for the amount of the contract less $100.00 which it appears was allowed on the cross-petition. Although no assignment of errors has been filed by the appellant in accordance with Rule VII of this Court, and which is grounds for dismissing the appeal, we have examined the appellant's brief and find that it is urged that the judgment is against the manifest weight of the evidence. We have fully examined the bill of exceptions and note that there is a conflict in the testimony on the issues presented and therefore we cannot say that the judgment is not supported by the evidence. It was the province of the trial court to determine the credibility of the witnesses and make a determination of the factual issues, and we cannot say that it erred in so doing.

The appellees have also filed a cross-appeal in which it is urged that the court erred in failing to award them the full amount prayed for in the petition. However, we find that no notice of appeal was ever filed by the appellees in accordance with §2505.04 **R. C.**; hence, this Court has no jurisdiction to entertain the same. See **Greenberg v. Snodgrass Co., 95 Oh Ap 307**, the third paragraph of the syllabus of which provides:

"Each party is responsible for perfecting his appeal, and the time for filing his notice of appeal is not in any way extended "or curtailed by the time consumed by some other party in filing his notice of appeal."

We find no error in the record and the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.