**FIRST NATIONAL BANK OF AKRON,**
**Plaintiff-Appellee,**

v.

**William F. CANN and Building and Equipment Corporation of America, Defendants and Third Party Plaintiffs-Appellants,**

v.

**Harold S. CASSIDY, et al.,**
**Third-Party Defendants.**

**No. 80–3484.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 17, 1981.

Decided Jan. 28, 1982.

Barry L. Springel, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendants and third party plaintiffs-appellants.

Frank E. Quirk, Harley M. Kastner, John W. Solomon, Akron, Ohio, for plaintiff-appellee.

Before MERRITT and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

William Cann and Building and Equipment Corporation challenge a judgment of $200,722.03 in favor of First National Bank for breach of contract. Cann is a licensed architect. He is also the president of BEC, a building and contracting consulting firm. On November 3, 1966, the Bank hired BEC as a consultant for a project to renovate the Bank's main building in Akron, Ohio. BEC and Cann developed a plan which the Bank accepted. The Bank then retained BEC as construction manager for the project, which was eventually completed in November, 1969.

The renovation plans called for construction of a granite facing on the building's south and southwest walls. The facing consists of numerous granite panels, supported at each floor by steel shelf angles. Seams between the panels are filled with mortar, which in turn is covered with caulking sealant. Late in 1976 the Bank's building manager noticed that the caulking had separated and that several granite panels had loosened from the facing. In the spring of 1977, the Bank asked various firms to inspect the facing and to submit bids for its repair. The successful bidder began work but soon discovered a problem with the facing. The Bank then retained an engineering firm, which diagnosed a dangerous condition: the loose panels were laterally unstable. Extensive repairs were required, undertaken, and completed in May, 1978.

The Bank sued appellants on May 11, 1978 to recover the cost of repair. After a bench trial, the District Court held appellants jointly and severally liable for breach of contract in: 1) failing to install the caulking properly; 2) failing to supervise the project adequately; and 3) breaching an express warranty that the actual work would correspond to the plans.[1] The court rejected the Bank's negligence claims.

Appellants raise three contentions before this court: 1) the Bank's contract claims are barred by its failure to give Cann and BEC a written notice of claims, as specified in the parties' contract; 2) the claims are barred by the Bank's failure to notify appellants promptly of the defects; and 3) the bank is entitled only to nominal damages, for it failed to prove actual damages.

The Bank argues that appellants' first contention is barred by their failure to plead the notice provision as an affirmative defense. Furthermore, the Bank promptly notified appellants by letter of its intent to seek redress as soon as it discovered the dangerous condition. Second, the Bank notified appellants of the defects as soon as it ascertained the extent of the damage. Appellants had ample opportunity to investigate, and in fact sent representatives to the site while repairs were underway. The contract notice provision relates exclusively to defects discovered within one year of the contract's completion. Finally, the Bank contends that it proved that it was damaged by the premature failure of the materials used.

From our review of the record and the District Court's extensive memorandum opinion, we conclude that appellants' claims are without merit. The court found that the Bank notified Cann and BEC by letter in October, 1977 that it intended to seek

---

1. 503 F.Supp. 419 (N.D. Ohio 1980).

redress for the south wall repairs. Whether proper notice was given is a question of fact. The letter stated that: "present indications, however, cause the Bank to believe that removal of the granite sections will show that the means by which the sections were fixed to the building was modified in the field from the manner provided in the plans and specifications for their installation."

In our view, this language is a clear expression of the Bank's belief that Cann and BEC breached their contract in some manner. The letter closed with the following language, which is clearly an expression of the Bank's intention to sue: "At such time as the cause of the shifting of the granite sections has been determined, First National Bank intends to seek redress from those parties responsible ..." Read together, these excerpts are sufficient notice to satisfy the condition precedent to maintain a suit for breach of contract.

In our view, *Standard Alliance Ind. v. Black Clawson Co.*, 587 F.2d 813 (6th Cir. 1978), *cert. denied*, 414 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979), a case relied on by appellants, is readily distinguishable. That case involved the notice requirements of section 2–607(3)(a) of the Uniform Commercial Code, which provides that: "The buyer must within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." Defendants in *Standard Alliance* were notified by letter that a machine they sold to plaintiffs was defective. Defendants spent a full five months on site in an effort to repair the defects. The lawsuit grew out of these repairs, which were allegedly inadequate. However, defendants were never notified that their repairs had failed until eleven months after their workmen left plaintiff's premises.

In this case, by contrast, the letter notified Cann and BEC of the precise defects for which they were ultimately sued. The record shows that appellants had an opportunity to cure the defect and inspect the facings on the south wall, after they received the October letter. Appellants'

failure to take more vigorous steps to ascertain the problem, satisfy their customer and take all reasonable and necessary steps to protect themselves, cannot be attributed to any lack of notice.

We turn to discuss appellants' second argument that the claims are barred because the Bank failed to give notice of the defects with reasonable promptness. The District Court construed the "reasonable promptness" clause to relate solely to defects arising and observed within one year of completion, which the contractor would be obligated to remedy. In our view, this interpretation is reasonable and we therefore reject appellants' theory that the clause otherwise limits either a plaintiff's remedy or ability to sue for damages at a later date.

Relying on the reasons set forth in Judge Conti's well-reasoned and thorough memorandum, we reject appellants' contention that the Bank failed to prove actual damages.

Accordingly, we affirm the judgment below in all respects.