JONES ET AL., APPELLEES, *v.*
HONCHELL, APPELLANT.

(No. CA83-08-089—Decided February 13, 1984.)

Baden, Jones, Scheper & Crehan Co., L.P.A., and Mr. David H. Landis, for appellees.

Messrs. Holbrock, Jonson, Bressler & Houser, Mr. Michael D. Shanks and Mr. Timothy R. Evans, for appellant.

Per Curiam. This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County, Ohio.

On April 8, 1979, plaintiffs-appellees, Charles and Bobbie Jones, entered into an agreement with defendant-appellant, William Honchell, wherein appellant agreed to construct a single-family residence for appellees for the sum of $57,881. Construction of the home began shortly afterward and proceeded normally until early July 1979, when appellees expressed dissatisfaction with the brickwork. Appellees were particularly concerned about the construction of the chimneys and fireplaces. They considered the workmanship in these areas to be so poor that the only way to correct the problem was to remove the existing chimneys and fireplaces and rebuild them.

The parties made several attempts to settle their differences regarding the construction of the house, including the alleged defective brickwork. These discussions culminated in a meeting between the parties and their respective attorneys in late July or early August 1979. At the meeting, appellant agreed to remedy a number of relatively minor problems with the partially constructed residence but refused to completely rebuild the fireplaces and chimneys. Shortly thereafter, appellees refused to permit appellant to complete construction of the residence and proceeded to complete construction themselves by purchasing various necessary materials and hiring their own subcontractors.

After the residence was substantially completed, appellees filed suit in the Butler County Court of Common Pleas charging appellant with a breach of the construction contract due to his failure to construct the home in a workmanlike manner. The matter was, pursuant to local court rules, scheduled for non-binding arbitration. The decision of the panel of arbitrators was then appealed to the trial court, and a trial de novo was begun on June 1, 1983. The trial was concluded the following day, and the trial court, in an opinion filed June 13, 1983, found in favor of appellees in the amount of $8,450. Appellant requested findings of fact and conclusions of law, and the same were filed by the court on July 13, 1983. A final judgment entry was filed on July 27, 1983, and notice of appeal to this court was timely filed on August 11, 1983.

Appellant's first assignment of error asserts that the trial court erred in its finding that appellant waived the arbitration provisions of the written contractual agreement.

The April 8, 1979 construction contract between the parties contains the following clause:

"9. Any disagreement arising out of this Contract or the application of any provisions thereof shall be submitted to an Arbitrator or Arbitrators not interested in the finances of the contract. The parties hereto may agree on one Arbitrator, or may select one each and these two shall select a third. And it is mutually agreed that any such arbitration award shall be binding * * *."

The language above without question requires both parties to submit any disputes arising under the contract to binding arbitration. However, we believe that the actions of both parties indicate a waiver of the agreement to arbitrate.

Appellees' waiver of the arbitration provision may be inferred from the filing of the instant suit in the Butler County Court of Common Pleas in lieu of pursuing arbitration. See *Mills* v. *Jaguar-Cleveland Motors, Inc.* (1980), 69 Ohio App. 2d 111 [23 O.O.3d 142]; *Standard Roofing Co.* v. *Construction Co.* (1977), 54 Ohio App. 2d 153 [8 O.O.3d 281]. Appellant did not raise the arbitration provision of the contract in his answer, which may also be construed to be a waiver of the clause. See *Mills, supra,* and *Standard Roofing, supra.* Had appellant elected to force the dispute into arbitration, he need only have asserted the arbitration clause in his answer and made a motion to stay the trial per R.C. 2711.02.

We further note that appellant engaged in negotiations with appellees for several months and allowed appellees to complete construction of the residence without raising the arbitration clause. In fact, the clause was not raised by appellant until trial, or approximately four years after the commencement of the dispute over the brickwork. As appellant drafted the agreement, he was certainly aware of the arbitration clause and cognizant of the circumstances under which it would operate.

Therefore, it is our view that both parties by their actions waived the arbitration clause contained in paragraph nine of their agreement, and that the instant suit was properly before the trial court. Accordingly, appellant's first assignment of error is not well-taken, and is hereby overruled.

In his second assignment of error, appellant asserts that the trial court erred by finding that he improperly constructed the residence and failed to remedy the improper construction.

The record reveals conflicting testimony at trial as to the quality of the brickwork. Appellant testified that while he did not consider the brickwork to be a "first class job," he did not feel it was so defective that it could not be remedied without completely tearing down the existing structure and rebuilding it. Appellees did not share appellant's optimism and, in support of their position, presented the expert testimony of Roger P. Davis, a builder and general contractor. Davis testified that the brickwork on appellees' home was, in his opinion, not of acceptable quality based on prevailing practice in the area. Davis added that he believed that the chimneys and fireplaces could not be fixed without tearing them down and completely rebuilding them. Appellees further presented a large number of photographs depicting the alleged defective workmanship.

It is the role of the trial court, as trier of fact, to evaluate the credibility of witnesses and determine disputed factual issues. *Zajicek* v. *Owens* (App. 1956), 76 Ohio Law Abs. 188, 189. On appeal, the trial court's resolution of disputed issues of fact will not be disturbed unless such resolution is clearly contrary to the manifest weight of the evidence presented. See *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]; *In re Estate of Seelig* (1981), 2 Ohio App. 3d 223, 226. As the record reflects some competent, credible evidence which sup-

ports the trial court's finding, we must affirm the trial court's determination that appellees' residence was improperly constructed and that appellant failed to remedy the improper construction.

Therefore, appellant's second assignment of error is overruled.

Appellant's third assignment of error states that the court below erred in finding that appellees' expenditures to complete the residence were reasonable and necessary.

When a construction contract has been breached, the proper measure of damages is the reasonable cost of placing the building in the condition contemplated by the parties at the time they entered into the contract. *First Natl. Bank of Akron* v. *Cann* (N.D. Ohio 1980), 503 F. Supp. 419, 441, affirmed (1982), 669 F.2d 415. The burden of proof is on the party seeking damages, appellees in the case *sub judice,* who must prove by a preponderance of the evidence the necessary and reasonable cost to complete the building in accord with the original tenor of the agreement. See *Cann, supra.*

In the instant case, appellees attempted to carry their burden by presenting at trial the testimony of Roger P. Davis as an expert witness in the area of home construction. Davis testified that, based on his training and experience as a contractor, the cost to complete the appellees' home, including repair or replacement of the defective brickwork, would be $58,746. Further, appellee Charles Jones personally testified as to the specific expenditures made to complete the home and presented a series of cancelled checks indicating that the various amounts described had been paid. The actual subcontractors hired by the appellees to finish the house did not testify.

Appellant in his brief contends that because appellees failed to present the testimony of the actual contractors hired to complete the residence, he was denied the opportunity to cross-examine them to determine if the work performed was reasonable and necessary. We feel that this concern goes merely to the weight of the evidence presented by appellees. Certainly the expert testimony of Davis, supplemented by the testimony of Jones, was sufficient to establish a reasonable cost to complete the residence. If appellant was of the opinion that work performed by certain subcontractors hired by appellees was unnecessary or unreasonable for completion of the house under the terms of the contract, he was free to present evidence to this effect.

As the record contains some competent, credible evidence to support the trial court's finding that the amounts expended by the appellees were reasonable and necessary for the completion of their residence under the terms of the building contract, we are unwilling to disturb such finding on appeal. See *C. E. Morris Co., supra,* and *In re Estate of Seelig, supra.*

Therefore, appellant's third assignment of error is overruled.

Appellant, in his fourth assignment of error, contends that the trial court erred by finding as a matter of law that he failed to prove his counterclaim below. The counterclaim at issue asserted that appellant was entitled to a draw of $18,300 for work already completed on appellees' residence before appellees became so dissatisfied with the brickwork that they decided to complete the construction of the residence themselves and sue appellant for damages. The record indicates that appellant received draws for the amounts of $5,000 and $18,000, but was refused a third draw because appellees were dissatisfied with the brickwork and did not wish to continue with the construction until the brickwork problem had been solved to their satisfaction.

It is undisputed that appellant was not entitled to his third draw until the

brickwork on appellees' residence was completed. The trial court, in its findings of fact, found that appellees' house was improperly constructed. While the finding did not specifically refer to the brickwork, it is clear from the record that the brickwork was the principal source of dispute between the parties. Therefore, as appellees did not consider this work to be done properly, and proved this contention to the satisfaction of the trial court, appellant is not entitled to his draw.

Appellant further asserts, possibly as an alternative to his $18,300 counterclaim, that there was approximately $10,000 owed to subcontractors for work performed on appellees' house prior to the third draw and that he is therefore entitled to be paid the above amount by appellees. This position is an untenable one because once the contract was breached, appellees were entitled to the difference between the contract price and the cost of completing the residence. See *Cann, supra*. Were appellees to pay appellant $10,000, it would only increase the cost of completing the residence by the same amount and cause appellant to owe that amount to appellees as consequential damages.

Therefore, the trial court properly found appellant's counterclaim to be without merit, and appellant's fourth assignment of error is, accordingly, overruled.

It is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.