[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Bullock Garages, Inc., appeals the judgment of the trial court awarding $23,485 in damages to plaintiff-appellee Sherry Moore. Bullock argues that, in this action for breach of contract, Moore gained a windfall when the damage award exceeded the actual damages to Moore. We agree.
Moore entered into a contract with Bullock whereby Bullock was to remove an existing garage and build a new one for $12,844. The only payment Moore made before Bullock breached the contract was $170 for a building permit. The trial court awarded Moore $23,485 based upon her expenses for the replacement and repair of Bullock's defective concrete work and for the construction of a new garage.
When a construction contract has been breached, the proper measure of damages is the reasonable cost of placing the building in the condition contemplated by the parties at the time they entered into the contract. Jones v. Honchell (1984),14 Ohio App.3d 120, 123, 470 N.E.2d 219,222 citing First Natl. Bank of Akron v. Cann (N.D.Ohio. 1980),503 F. Supp. 419, 441. In this case, the cost of placing the building in the condition contemplated by the parties was $23,485.
However, Moore had not yet paid the contract price of $12,844. Money damages are designed to place the injured party in the same position it would have been in had the contract terms been satisfied. Schulke Radio Productions, Ltd. v. MidwesternBroadcasting Co. (1983), 6 Ohio St.3d 436, 439, 453 N.E.2d 683,686. Moore is not entitled to more than she bargained for.Barton v. Ellis (1986), 34 Ohio App.3d 251, 254, 518 N.E.2d 18,21. The trial court's order effectively awarded Moore a free garage. Thus, we hold that the amount of damages necessary to place Moore in the same position she would have been in had the contract terms been satisfied is the difference between the cost of placing the building in the condition contemplated by the parties ($23,485) and the contract price ($12,844), which is $10,641.
Therefore, the judgment of the trial court is modified to reflect an award of damages to Moore in the amount of $10,641. Our decision does not affect the trial court's award of costs or interest, as the issue was not raised before us.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
To the Clerk:
Enter upon the Journal of the Court on February 23, 2000
per order of the Court _______________________________.
 _______________________________________________ Presiding Judge