[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant, 1st Class Construction, Inc., appeals from the decision of the Geauga County Court of Common Pleas.
On August 18, 1997, the home of Robert Scheider, appellee, was damaged in a fire. In August 1997, appellee contacted appellant with regard to repairing his home. Shortly thereafter, appellant submitted a proposal to clean out and reconstruct appellee's home for $93,250. After submitting appellant's proposal to the insurance company, appellee discovered that he did not have homeowner's insurance that would cover the cost of the repairs resulting from the fire damage.
On December 22, 1997, the parties executed a contract whereby appellant agreed to clean out and reconstruct appellee's home for $32,500. Additionally, appellant lent appellee $200 so that he could obtain a mortgage loan to pay for the repairs.
In April 1998, the Portage County Building Department determined that additional repairs were required before an occupancy permit could be issued. Appellee agreed to pay appellant an additional $7,500 to complete the necessary work, thus bringing the total contract price to $40,000.
On May 12, 1998, the mortgage company issued a check in the amount of $39,841.19, which was $158.81 less than the amount due on the contract.
On September 28, 1999, appellee filed a complaint against appellant alleging breach of contract, negligence, and conversion. On December 22, 1999, appellant filed a counterclaim seeking $358.81. Specifically, appellant sought the $200 that it had advanced appellee and $158.81 that it was due on the contract. On August 27, 2001, a bench trial was held. Appellee presented evidence demonstrating that some of the repairs were not completed in a workmanlike manner and submitted a proposal estimating that it would cost $18,000 to correct appellant's repairs.
On August 30, 2001, appellant moved for judgment asserting that, as a matter of law, appellee was not entitled to monetary damages on his breach of contract and negligence claims because he failed to tender any evidence as to the diminution in the value of his real estate.
On the same day, August 30, 2001, the trial court filed its judgment entry in favor of appellee and against appellant in the sum of $9,000, plus interest at the rate of 10% per annum. The court further entered judgment in favor of appellant in the sum of $358.81, plus interest at the rate of 10% per annum from May 12, 1998.
From this judgment, appellant raises the following assignments of error:
 "[1.] As a matter of law, money damages cannot be awarded to appellee on his negligence or breach of contract claims, as appellee did not secure expert testimony or any other form of evidence to prove diminution of value of the real estate. The trial court erred by not awarding defendant judgment at the conclusion of plaintiff's case and at the conclusion of defendant's case. The trial court further erred by awarding plaintiff damages without plaintiff presenting evidence as to each and every element of his claims.
 "[2.] The trial court erred as a matter of law by not granting defendant's motions for judgment and by not awarding damages to appellee when appellee did not present any evidence as to causation or the specific amount of damages allegedly incurred by him.
In appellant's first assignment of error, it argues that, in order to prove damages, appellee had the burden of proving the reasonable cost of restoration, "unless the cost of restoration exceeded the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value before and after the injury becomes the value." Therefore, appellant asserts that because no evidence was presented as to any diminution in value, appellee is not entitled to damages. In support of his argument, appellant cites to OhioCollieries Co. v. Cocke (1923), 107 Ohio St. 238, paragraph five of the syllabus; Noble v. Mandalin (1995), 104 Ohio App.3d 11; Sines Sons v.Shell Oil Co. (Sept. 18, 1998), 11th Dist. No 96-G-2040, 1998 Ohio App. LEXIS 4370.
The cases cited by appellant are distinguishable from the case at bar because they do not involve situations where a construction contract was breached by the contractor.
Damages for a breach of a construction contract are generally measured by the reasonable cost of reconstruction; however, "if reconstruction and completion will involve unreasonable economic waste, damages are measured by the difference between the market value that the structure contracted for would have had and that of the imperfect structure received by the plaintiff." Ohio Valley Bank v. Copley (1997), 121 Ohio App.3d 197, 210;Sites v. Moore (1992), 79 Ohio App.3d 694, 702; Jones v. Honchell
(1984), 14 Ohio App.3d 120, 123. Appellee is entitled to what he contracted for or the equivalent thereof. Sites, supra, citing Platnerv. Herwald (1984), 20 Ohio App.3d 341, 342.
In the instant case, the trial court determined that much of appellant's reconstruction work was not performed in a workmanlike manner; appellant does not dispute the trial court's finding. Appellee submitted a proposal from Mikes Homeworks estimating the cost of reconstruction at $18,000. Neither party offered any evidence as to the market value appellee's home would have had if the repairs were completed in a workmanlike manner nor the market value of the imperfect home after appellant completed its repairs. Likewise, neither party presented evidence as to any difference in market value before and after appellant's reconstruction. Therefore, we conclude that the last part of the compensatory measure of damages definition pertaining to market value was not a factual issue and needed no consideration by the trier of fact. Accordingly, we conclude that the trial court did not err in awarding damages even though neither party offered any evidence as to the difference in market value. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, it argues the trial court erred by awarding damages to appellee when he did not specify the amount of damages incurred by him. To the contrary, the record reveals that appellee submitted a proposal estimating the cost to repair appellant's work. While the estimate does not assign a value to each of the eight items listed, it does set forth the total cost of the repairs, $18,000. After comparing the items listed in the proposal to the items that the court found to be a direct result of appellant's poor workmanship, it awarded appellee $9,000 in damages. We conclude that the trier of fact did not abuse its discretion in awarding damages. Appellant's second assignment of error is without merit.
Based on the foregoing, the judgment of the Geauga County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J. concur.