OPINION
{¶ 1} Appellants Lestor Zapor and Zapor Architects Group, Inc., filed a breach of contract complaint in the Jefferson County Court of Common Pleas against Kwik King Food Stores ("Kwik King"), as well as against John Riley and Rita Riley. The complaint alleged that Appellants created architectural plans that were only to be used to build a single Kwik King Food Store in Toronto, Ohio. Appellants contend that the same plans were impermissibly used to build other stores in Wintersville, Ohio, and Follansbee, West Virginia. Appellees raised the defense that the contract contained a clause mandating that all disputes be resolved through binding arbitration. After a hearing, the trial court stayed all proceedings pending the results of arbitration. The court also dismissed the Rileys from the case. Appellants argue on appeal that Kwik King waived the right to rely on the arbitration clause, and that the complaint should not have been dismissed. The record shows that Kwik King did not waive its right to demand arbitration, and that the motion to dismiss John and Rita Riley should have been stayed when the case was submitted to arbitration. The judgment of trial court is affirmed in part and vacated in part.
 {¶ 2} The complaint was filed on June 4, 2003. Attached to the complaint was a "Standard Form of Agreement Between Owner and Architect" (hereinafter, "Agreement"). The Agreement is dated May 1, 1997. The parties to the Agreement were listed as Kwik King Food Stores and Zapor Architects Group, Inc. John Riley signed the contract for Kwik King Food Stores, identifying himself as "president." Appellants were paid $12,000 for their architectural services as set forth in the Agreement.
 {¶ 3} Article 6 of the Agreement states that the architect, "shall be deemed the author," of all plans and documents prepared for the building project, and that the, "Drawings, Specifications or other documents shall not be used by the Owner or others on other projects * * *." This section formed the basis for Appellants' breach of contract complaint. Also attached to the complaint were two invoices for $12,000 each, apparently for Appellees' use of the architectural plans on the two allegedly unauthorized projects.
 {¶ 4} Appellees filed an answer on July 18, 2003. One of the defenses raised in the answer was that the trial court did not have jurisdiction over the case due to Article 7 of the Agreement, which states in part:
 {¶ 5} "7.1 Claims, disputes or other matters in question between the parties to this Agreement arising out of or relating to this Agreement or breach thereof shall be subject to and decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties agree otherwise."
 {¶ 6} Also on July 18, 2003, Appellees filed a motion to dismiss John and Rita Riley as defendants, and a motion to strike the demand for punitive damages. A hearing was held on the pending motions and the jurisdictional question on July 28, 2003. Appellees argued at the hearing that the case was required to go to arbitration pursuant to Section 7.1 of the Agreement, and that the trial court had no jurisdiction to resolve Appellants' breach of contract claim. Appellants responded by arguing that the case should not be dismissed with prejudice under Civ.R. 41. It is unclear why counsel made this argument, because no motion to dismiss the complaint had been filed. During the course of the hearing, though, the trial court seemed to suggest that he would dismiss the case without prejudice and let Appellants file another complaint at some later date to confirm the arbitration award. (7/28/03 Tr., p. 9.)
 {¶ 7} It must be noted that at no time did Appellants suggest to the trial court that Appellees had waived their right to arbitration.
 {¶ 8} Appellees also argued that John Riley had only signed the contract in his representative capacity as president of a corporation, and that Rita Riley had no plausible connection to the case at all. It is not clear from the record the identity of Rita Riley. Appellants made no arguments at the hearing to rebut Appellees' assertions.
 {¶ 9} On August 5, 2003, the trial court filed a "Journal Entry and Stay Order." The court dismissed John and Rita Riley from the case, and stayed all remaining aspects of the action until the completion of arbitration.
 {¶ 10} Appellants filed their notice of appeal on August 12, 2003.
 {¶ 11} This is a final appealable order pursuant to R.C. § 2711.02(C):
 {¶ 12} "(C) Except as provided in division (D) of this section, an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 MOTION TO DISMISS APPEAL {¶ 13} On March 8, 2004, Kwik King filed a motion to dismiss the appeal on the basis of res judicata, waiver, estoppel and mootness. Each of these will be addressed in turn.
 {¶ 14} We turn first to the question as to whether res judicata warrants dismissal of this appeal. The term "res judicata" encompasses a number of legal principles dealing with the preclusive effect of a prior adjudication on subsequent litigation. The Ohio Supreme Court has defined res judicata as the rule, "that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." Holzemer v. Urbanski (1999), 86 Ohio St.3d 129, 132,712 N.E.2d 713, quoting Black's Law Dictionary (6 Ed. 1990) 1305.
 {¶ 15} Kwik King has not alerted us to any prior judgment or adjudication that would have a preclusive effect on the trial court's August 5, 2003, order. Kwik King refers to a document labeled as "Award of Arbitrator," but this document bears the date of December 12, 2003, which date is clearly subsequent to the judgment entry currently under review. As res judicata is concerned with the preclusive effect of prior
judgments, the doctrine cannot be used to justify dismissal of the instant appeal.
 {¶ 16} Kwik King also argues that this appeal should be dismissed because Appellants themselves requested arbitration after this appeal was filed. Kwik King contends that it is inconsistent for Appellants to argue on appeal that the trial court erred in submitting their claim to arbitration in light of their own request for arbitration. According to Kwik King, the inconsistent position taken by Appellants warrants dismissal of this appeal.
 {¶ 17} Kwik King is correct that, generally, a reviewing court will not entertain arguments on appeal that are irreconcilable with the arguments made or the actions taken by that party during the trial court proceedings: "[we] will not ordinarily consider claims of error predicated upon alleged irregularities in the proceedings at trial where a defendant, at his trial, has acted in a manner inconsistent with the position taken upon appeal with regard to such alleged irregularities."State v. Lane (1976), 49 Ohio St.2d 77, 81, 358 N.E.2d 1081. Although Kwik King contends that Appellants have acted inconsistently by both filing for arbitration and arguing on appeal that this case should not have been submitted to arbitration, Kwik King is also advancing a somewhat contradictory argument in favor of dismissing this appeal. Kwik King submitted a demand for arbitration to the trial court. The trial court granted Kwik King's motion and stayed all proceedings in the trial court until the completion of the arbitration proceedings. One would have expected the parties to then proceed with arbitration. Kwik King appears to be implying that Appellant should have done nothing further to initiate arbitration, even though Kwik King had just successfully argued to the trial court that the contract dispute was required to go through arbitration.
 {¶ 18} We will not apply the doctrine of waiver in this situation, because waiver involves the voluntary relinquishment of a known right.State ex rel. Wallace v. State Med. Bd. of Ohio (2000), 89 Ohio St.3d 431,435, 732 N.E.2d 960. The trial court ordered the parties to submit their dispute to arbitration, which negates the voluntary nature of Appellants' filing of an arbitration claim.
 {¶ 19} We also find that the doctrine of estoppel does not apply to this appeal. The various theories of estoppel all involve some attempt by one party to mislead or deceive someone. Equitable estoppel and promissory estoppel arise when one party misleads another party to believe that certain facts exist, resulting in reasonable and detrimental reliance by the other party. Chubb v. Ohio Bur. Of Workers' Comp.
(1998), 81 Ohio St.3d 275, 279, 690 N.E.2d 1267. "Waiver by estoppel" occurs when, "the acts and conduct of a party inconsistent with an intention to claim the right have been such as to mislead the other party to his prejudice, and thereby estop the party having the right from insisting upon it." Motz v. Root (1934), 53 Ohio App. 375, 377,4 N.E.2d 990. Judicial estoppel occurs when a party has successfully advanced a position, under oath, in a judicial proceeding and then takes an inconsistent position in a subsequent proceeding. Smith v. DillardDept. Stores, Inc. (2000), 139 Ohio App.3d 525, 533, 744 N.E.2d 1198. Judicial estoppel involves an attempt to deceive the court itself.
 {¶ 20} There is nothing in the record indicating any attempt by Appellants to deceive or mislead anyone. They filed a civil complaint rather than an arbitration claim, and made it clear to the trial court that they expected this case to go to a jury trial rather than arbitration. Appellants filed an appeal of the arbitration order and then apparently proceeded with arbitration as ordered by the trial court. There is nothing misleading or deceptive about any of Appellants' actions in this case.
 {¶ 21} Finally, as to Kwik King's argument that the appeal is moot due to a subsequent arbitration decision denying all of Appellants' claims, we disagree. An appeal is moot when there is no actual controversy to be resolved by the appeal, which would result in this Court issuing a mere advisory opinion on abstract questions. Thomas v. Cleveland (2000),140 Ohio App.3d 136, 142, 746 N.E.2d 1130. Appellants' purpose in this appeal is to enable their claims to be heard in the trial court before a jury. If we were to determine that the trial court erred in ordering arbitration in this matter, the arbitrators' decision would be vacated. The issue of whether this case should have been submitted to arbitration remains in controversy, and our opinion has the potential to provide the specific relief that Appellants are seeking. For these reasons, this appeal is not moot.
 {¶ 22} Based on the preceding analysis, we find no reason to dismiss this appeal.
 ASSIGNMENTS OF ERROR {¶ 23} Appellants raise two assignments of error in this appeal, which will be addressed in reverse order. We must note that, at no time, does Appellants dispute that the matters raised in the complaint are properly subject to arbitration. Instead, Appellants claim that, for various procedural reasons, arbitration should not have been ordered in this matter. Appellants' second assignment of error asserts:
 {¶ 24} "The trial court erred in staying the action pending arbitration when no demand for arbitration had been made in writing to plaintiff."
 {¶ 25} Appellants argue that Appellees waived the right to rely on the arbitration clause of the Agreement. They contend that Appellees could have either made a demand for arbitration or filed an answer to the complaint, but not both. Appellants state that in filing a complaint, they, themselves clearly intended to waive arbitration. They then claim that the only means for Appellees to preserve their right to arbitrate was for Appellees to file a written demand for arbitration. Appellants rely on two cases to support their waiver theory.
 {¶ 26} The first case is Jones v. Honchell (1984), 14 Ohio App.3d 120, 14 OBR 135, 470 N.E.2d 219. Jones involved the alleged breach of a contract to construct a home. The construction contract stated that any disagreement arising out of the contract, "shall be submitted to an Arbitrator[.]" Id. at 122. The following excerpt from Jones is instructive in the instant appeal:
 {¶ 27} "[Plaintiff's] waiver of the arbitration provision may be inferred from the filing of the instant suit in the Butler County Court of Common Pleas in lieu of pursuing arbitration. [Defendant] did not raise the arbitration provision of the contract in his answer, which may also be construed to be a waiver of the clause. Had [defendant] elected to force the dispute into arbitration, he need only have asserted the arbitration clause in his answer and made a motion to stay the trial per R.C. 2711.02." (Citations omitted.) Id.
 {¶ 28} According to the reasoning of Jones, a plaintiff may waive the right to enforce an arbitration clause by filing a breach of contract suit. The defendant, though, may take advantage of an arbitration clause by asserting that such claims exists as a defense in the answer to the complaint. Appellees did, in fact, make such assertion in the instant case. The Jones case does not support Appellants' argument, and in fact shows that Appellees took appropriate action to preserve their right to arbitration.
 {¶ 29} The other case relied upon by Appellants is Mills v.Jaguar-Cleveland Motors, Inc. (1980), 69 Ohio App.2d 111, 430 N.E.2d 965.Mills contains the following holding:
 {¶ 30} "When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. This is done under R.C.2711.02 by application to stay the legal proceedings pending the arbitration. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." Id. at 113.
 {¶ 31} The holding in Mills is essentially the same as that in Jones.
Both cases refer to R.C. § 2711.02(B), which contains the following relevant provision:
 {¶ 32} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 33} The holdings of Jones and Mills are consistent with other caselaw dealing with this question. "When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause."McGuffey v. LensCrafters, Inc. (2001), 141 Ohio App.3d 44, 51,749 N.E.2d 825, citing Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 412, 701 N.E.2d 1040.
 {¶ 34} Appellees followed the procedure set forth in R.C. § 2711.02 by raising the arbitration clause in their answer and then by requesting a stay of proceedings at the July 28, 2003, motion hearing.
 {¶ 35} It would seem to be a fairly typical course of events for a plaintiff to file a breach of contract suit, and for the defendant to respond by pointing to an arbitration clause. A defendant who does not believe there is a dispute is not likely to file for arbitration unless forced to do so. A defendant who is forced into a dispute by being named as a defendant in a civil complaint will obviously have to consider at that time whether arbitration is preferable to trial and thus, whether to waive or assert their right to arbitration.
 {¶ 36} It is highly unlikely that a reasonable person would initiate the arbitration process when he or she does not believe that there is a dispute. Appellees apparently did not consider themselves aggrieved, thus, it would have been unlikely that Appellees would request arbitration prior to the time they were named as defendants in a breach of contract case.
 {¶ 37} Other Ohio courts have encountered instances like the matter at bar where the arbitration issue is presented to the trial court as question of subject matter jurisdiction. See, e.g., McGuffey v.LensCrafters, Inc. (2001), 141 Ohio App.3d 44, 50, 749 N.E.2d 825; ACRS,Inc. v. Blue Cross Blue Shield of Minnesota (1998), 131 Ohio App.3d 450,456, 722 N.E.2d 1040. The arbitration issue is arguably a jurisdictional question here because the arbitration clause uses broad mandatory language requiring arbitration: "Claims, disputes or other matters in question between the parties to this Agreement * * * shall be subject to
and decided by arbitration * * * [.]" (Emphasis added.) (6/4/03 Complaint, Owner and Architect Agreement, Section 7.1.) The clause addresses arbitration in mandatory terms; as a requirement and not as a mere possibility. Undoubtedly, this language is the reason Appellees requested a ruling from the trial court as to whether it had jurisdiction to take the matter. Pursuant to our earlier discussion, however, in Ohio a trial court does have jurisdiction to hear the initial contract claim, but must stay the breach of contract proceedings if any aspect of the dispute falls within the arbitration provisions of the contract, particularly once arbitration is raised as a defense. See § 2711.02(B).
 {¶ 38} A party can hardly be deemed to have waived arbitration by raising the matter in its initial pleading with the court. Appellees asserted the arbitration clause as a defense in the initial answer to Appellants' complaint and in a motion to dismiss filed at the same time. Most defenses may only be asserted for the first time in the defendant's answer to a complaint, except for the specific defenses contained in Civ.R. 12(B). The defenses contained in Civ.R. 12(B) that may be raised by motion prior to filing an answer include such things as the lack of personal or subject matter jurisdiction, improper venue, failure to join a party, and failure to state a claim upon which relief can be granted. Even for these particular defenses, the filing of a pre-answer motion is not mandatory:
 {¶ 39} "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of thepleader be made by motion: (1) lack of jurisdiction over the subject matter, * * *." Civ.R. 12(B).
 {¶ 40} Appellees chose to assert the arbitration clause as a jurisdictional defense by including it in their answer to the complaint and in a Civ.R. 12(B)(6) motion to dismiss. While this can be seen as overkill, these were perfectly proper courses of action under Civ.R. 12(B).
 {¶ 41} In addition to the above, Appellants are also barred from raising waiver on appeal because Appellants' counsel did not raise this argument with the trial court, and in fact, argued an opposite position at the July 28, 2003, hearing. Under the "invited error" doctrine, a party cannot take advantage of an error that the party induced the trial court to make. State ex rel. Soukup v. Celebrezze (1998),83 Ohio St.3d 549, 550, 700 N.E.2d 1278. Appellants' counsel indicated to the trial court that it was his understanding that the defendants could demand arbitration after the complaint was filed:
 {¶ 42} "MR. ADULEWICZ [Appellants' counsel]: * * * No demand for arbitration was made, so I figured I better just file a lawsuit; if they [Appellees] do make a demand for arbitration, the lawsuit can be suspended until arbitration is had." (7/28/03 Tr., p. 4.)
 {¶ 43} Appellants' counsel stated to the trial court: "I don't have a problem with arbitration. * * * I just thought the issues could be joined and resolved quicker without arbitration[.]" (7/28/03 Tr., p. 6.) Later in the hearing, Appellants' counsel remarked: "That's why I ask the court again to keep this case open to accept the arbitrator's decision." (7/28/03 Tr., p. 9.) Appellants' posture before the trial court was not that Appellees had waived their right to arbitration, but rather, that the underlying complaint should not be dismissed because any arbitration award would eventually have to be confirmed by the court pursuant to R.C. § 2711.09. (7/28/03 Tr., p. 8.)
 {¶ 44} For these reasons, we overrule Appellants' second assignment of error and affirm the trial court's decision to stay this proceeding pending arbitration.
 {¶ 45} We now turn to Appellants' first assignment of error, which states:
 {¶ 46} "The trial court erred when it entered a dismissal of plaintiffs' complaint against two of the defendants, John Riley, AKA John E. Riley, AKA John E. Riley, Jr., and Rita M. Riley, AKA Rita Marie Riley."
 {¶ 47} Appellants take issue with the trial court's decision to dismiss John and Rita Riley as defendants from this case. The trial court issued the dismissal as part of the judgment entry staying all proceedings and ordering the contract dispute into arbitration. Because it appears that the trial court erred in dismissing these defendants prematurely in this matter, we must sustain Appellants' argument on this issue.
 {¶ 48} Pursuant to R.C. § 2711.02(B), cited earlier, if a trial court is satisfied that there is a valid arbitration clause and that enforcement of the clause has not been waived, the entire action must be stayed during the course of the arbitration proceedings. Once the trial court decided that Appellants' claim should be submitted to arbitration, it was required to stay resolution of the motion to dismiss John and Rita Riley as defendants until the conclusion of the arbitration proceedings. Essentially, the trial court had no jurisdiction to grant the motion to dismiss once it determined that there was a binding arbitration clause and that the clause must be enforced. Whether or not the Rileys were proper parties to the contract dispute may be a substantive matter for the arbitrator. The trial court was required to defer this matter to arbitration.
 {¶ 49} In conclusion, we overrule Appellants' second assignment of error and affirm the trial court's decision to submit the breach of contract action to arbitration. However, we must sustain Appellants' first assignment of error and vacate the trial court's decision to dismiss John and Rita Riley as defendants. This cause is remanded for further proceedings according to law and consistent with this Opinion.
Donofrio, J., concurs.
Vukovich, J., concurs.