OPINION
{¶ 1} Defendants-appellants Medical Resources, Inc., et al. appeal the decision of the Mahoning County Common Pleas Court which granted declaratory relief in favor of plaintiffs-appellees Medical Imaging Network, Inc., et al. Appellants claim that their act of filing suit in federal court did not waive their right to arbitrate a contract dispute concerning the same subject matter as the federal suit. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} Albert M. Bleggi, M.D. is the president of Medical Imaging Network, Inc., an Ohio corporation; these are appellees herein. Appellants herein include Medical Resources, Inc., who was the parent company of Diagnostic Imaging Resources, LLC, who was the parent company of both Boardman Resources, Inc. and Warren Resources, Inc. These companies were created in Delaware and were headquartered in New Jersey. The principal place of business for BRI was a diagnostic imaging center in Boardman, Ohio, and the principal place of business for WRI was a diagnostic imaging center Warren, Ohio.
 {¶ 3} In 1997, appellees entered into agreements with appellants BRI and WRI. Under these agreements, appellants agreed to provide medical billing and office space to appellees, and appellees were to provide radiological services to patients. After billing patients and collecting the billed fees, appellants were to pay appellees 15% of all amounts collected for their radiological services rendered. The agreement provides that upon termination, appellants will continue to pay appellees their share of collections from patients serviced by appellees. The agreement contains an arbitration clause, providing that any dispute arising under this agreement shall be settled by binding arbitration.
 {¶ 4} In July 2000, appellee entered into an agreement as the purchaser with BRI and WRI as the sellers and with DIR as their guarantor. Pursuant to this agreement, appellees acquired appellants' local assets and began billing their own patients. Section 2.01(a) of the agreement listed the assets excluded from the sale. For instance, "Accounts Receivables as of the date of Closing" were excluded assets. This 2000 agreement does not contain an arbitration clause.
 {¶ 5} In November 2001, appellants sued appellees in the United States District Court for the Northern District of New Jersey, alleging breach of the 2000 asset purchase agreement. They sought disgorgement of pre-sale accounts receivables allegedly collected and retained by appellees. In June 2002, the federal court dismissed the suit on multiple grounds. The court found a lack of diversity of citizenship and thus a lack of subject matter jurisdiction, a lack of minimum contacts for personal jurisdiction, and a lack of venue.
 {¶ 6} In late 2003, appellants submitted this dispute over pre-sale accounts receivables to arbitration, utilizing the arbitration clause in the 1997 agreement. Appellees, however, believed that the dispute was not subject to arbitration for two alternative reasons. Thus, in February 2004, appellees filed a complaint for declaratory judgment in the Mahoning County Common Pleas asking the trial court to declare that the dispute is not subject to arbitration. Appellees filed a motion for summary judgment listing their two alternative grounds.
 {¶ 7} First, appellees argued that the 2000 contract controls the dispute, and this contract does not contain an arbitration clause. Second, appellees argued that appellants waived arbitration by filing a suit on the same subject matter in federal court in 2001 and by waiting until late 2003 to seek arbitration. They attached affidavits and documentation from the New Jersey case.
 {¶ 8} On August 30, 2004, the trial court overruled the first prong of appellees' summary judgment motion. The court noted that although there may be breach of the 2000 agreement for failure to exclude the pre-sale accounts receivables from the sale, these receivables are still to be distributed as per the terms of 1997 agreement, which contains an arbitration agreement. Still, the court granted summary judgment to appellees based upon their second, alternative argument. Specifically, the court agreed that appellants waived any right to arbitrate. Appellants filed timely notice of appeal. In case of reversal, appellees filed a cross-appeal conditioned on our decision in appellants' appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 9} Appellants' sole assignment of error provides:
 {¶ 10} "The trial court erred by holding that defendants/Appellants Warren and Boardman have waived their right to compel min to arbitrate."
 {¶ 11} Appellants contend that under controlling federal law, the mere filing of a complaint in federal court does not waive the right to compel arbitration in the absence of prejudice to the defendant. In making their argument, appellants assume that the Federal Arbitration Act applies on grounds of interstate commerce. They then assume that if the FAA applies, federal case law on waiver of the right to arbitrate also applies. Citing various federal cases, appellants urge that waiver of the right to arbitrate entails three elements: (1) knowledge of the right to arbitrate; (2) acts inconsistent with that right; and (3) prejudice to the other party. Appellants focus only on prejudice and claim that delay or mere incidental expenses ($11,000 spent by appellees defending the federal suit prior to its dismissal) do not constitute prejudice.
 {¶ 12} Appellees cite different federal cases and interpret these cases as not requiring prejudice in order to find waiver of an arbitration agreement. They conclude that prejudice can be a relevant factor, but it is not dispositive or required. Regardless, appellees urge that they were in fact prejudiced by the filing of the federal suit due to delay, time and money spent and the fact of being hailed into a distant forum.
 {¶ 13} Appellants rely on an Ohio case from the Second Appellate District where that court applied federal law to determine if a party waived the right to arbitrate. SupervaluHoldings, Inc. v. Schear Food Ctrs., Inc. (June 26, 1998), 2d Dist. No. 16881. The Second District admitted that the policies behind the Ohio Arbitration Act and the FAA are the same; that is, arbitration is favored and waiver is a heavy burden. Id. The court went on to cite the case relied upon by appellants herein for the proposition that prejudice is the third element in determining waiver. Id., citing Stifel Nicolaus Co., Inc. v.Freeman (8th Cir. 1991), 924 F.2d 157.
 {¶ 14} It is true that the Second District did not find waiver in plaintiff's act of filing a suit. However, the agreement in that case expressly permitted emergency or provisional judicial relief as an exception to the arbitration requirements. Thus, the result in Supervalu is distinguishable from the case before us.
 {¶ 15} Moreover, that court did not discuss the cases allowing state courts to apply their own general contract law even when a dispute is subject to the FAA. Additionally,Supervalu was more likely a clear interstate commerce case since it dealt with grocery shipments to an Ohio store. Here, interstate commerce is less clear. These observations require a more detailed discussion of the Federal Arbitration Act and its application.
 FEDERAL ARBITRATION ACT {¶ 16} In enacting the FAA, Congress withdrew the power of the states to force parties to utilize the court system to resolve certain claims where the contracting parties have agreed to arbitrate these claims instead. Southland Corp. v. Keating
(1984), 465 U.S. 1, 10. The FAA's basic purpose is to "ensure judicial enforcement of privately made agreements to arbitrate" on certain federally controlled topics. Dean Witter Reynolds,Inc. v. Byrd (1985), 470 U.S. 213, 219. The purpose of the Ohio Arbitration Act is also to ensure judicial enforcement of privately made agreements to arbitrate.
 {¶ 17} More specifically, the FAA provides that certain written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. 2. Almost identically, the OAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A).
 {¶ 18} The FAA only applies to state court proceedings where maritime transactions or transactions of interstate or foreign commerce are involved. 9 U.S.C. 2. See, also, Southland,465 U.S. 1. Here, it is not clear how the 1997 agreement containing the arbitration agreement indicates the involvement of interstate commerce. Two companies with their principal place of business in Ohio contracted for physician services in Ohio from an Ohio corporation and its president. Regardless of where some parent company may be located, appellees concede that the two contracting companies had their principal place of business in Ohio. We note that the federal court found a lack of diversity of citizenship under these facts. Importantly, the services took place in Ohio. Payment under the agreement was made to the physicians at the place of business in Ohio. If interstate commerce is not involved, then the FAA is not applicable.
 {¶ 19} Regardless, as can be seen in the above quoted statutes, both the FAA and the OAA state that written agreements to arbitrate are valid, irrevocable, and enforceable. And, both the FAA and the OAA provide an exception to the validity, irrevocability, and enforceability of arbitration agreements; that is, upon such grounds that exist at law or in equity for the revocation of any contract. 9 U.S.C. 2; R.C. 2711.01(A).
 {¶ 20} Waiver is a ground that exists at law or in equity (in both Ohio and the federal system) for the revocation of any contract. Even if interstate commerce was involved and the FAA was thus applicable, federal law need not be utilized to define the basic concept of waiver. See, e.g., Jiang, Federal Arbitration Law and State Court Proceedings (Jan. 1990), 23 Loy.L.A. L.Rev. 473, 492. See, also, World Source Coil Coating,Inc. v. McGraw Constr. Co. (C.A. 1991), 946 F.3d 473, 476-479 (where the federal court applied state law to determine that prejudice was not a required element for waiver of an arbitration agreement in that state).
 {¶ 21} "State law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." Perry v. Thomas (1987), 482 U.S. 483, 492-493. It is only where the state created a special rule for finding arbitration agreements invalid, revocable, or unenforceable will federal law be applied on the issue. Id. As such, if Ohio's law on waiving arbitration agreements is a ground existing at law or in equity for waiving the rights under any type of contract, then Ohio law can be applied to determine if a waiver of the right to arbitrate occurred. Id. See, also, Southland, 465 U.S. at 16.
 OHIO LAW ON WAIVER {¶ 22} Ohio law generally provides that waiver is the voluntary relinquishment of a known right. State ex rel. Bd. ofCty. Commrs. v. Board of Dir. (1996), 75 Ohio St.3d 611, 616. "As a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract,
conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy." Id. (emphasis added).
 {¶ 23} Waiver is not to be lightly inferred, and the burden of proving waiver is on the party asserting it. Griffith v.Linton (1998), 130 Ohio App.3d 746, 751 (10th Dist.), citingHarsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,415, and Campbell v. Automatic Die Prods. Co. (1959),162 Ohio St. 321, 329. This court has held that the right to arbitrate can be waived if it is established that the party knew of their right to arbitrate but acted inconsistently with that right. Peterson v. Crockett Constr., Inc. (Dec. 7, 1999), 7th Dist. No. 99CO2, citing Harsco, 122 Ohio App.3d at 414. The trial court is to examine the totality of the circumstances to determine whether a party waived its right to arbitrate.Peterson, 7th Dist. No. 99CO2. The issue is fact-driven, requiring an appellate review only for abuse of discretion. Id.
 {¶ 24} Such law on waiving the right to arbitrate is not different from the general law on waiving any contractual right. Ohio law on waiver does not "singl[e] out arbitration provisions for suspect status." Doctor's Assocs., Inc. v. Casarotto
(1996), 517 U.S. 681, 687. Thus, according to United States Supreme Court case law, Ohio law can be applied to define waiver. Id. at 686-687, citing Perry, 482 U.S. at 492-493. See, also,McCann v. New Century Mtge. Grp., 8th Dist. No. 82202, 2003-Ohio-2752.
 {¶ 25} In applying state law here, the trial court could reasonably find that appellants knew of their right to arbitrate but waived that right. In fact, on appeal, appellants do not dispute that this test was met. Rather, they focus their argument on the federal case law requiring the element of prejudice.
 {¶ 26} However, as aforementioned, this court interprets Ohio law as not absolutely requiring prejudice to find waiver of any contract. Prejudice is a factor to be considered in determining the totality of the circumstances surrounding inconsistent acts, but it is not a mandated element for waiver. See ACRS, Inc. v.Blue Cross Blue Shield of Minnesota (1998),131 Ohio App.3d 450, 456 (where the Eighth District stated that waiver entails acts inconsistent with a known right that "usually" involves delay and prejudice). "There are no talismanic formulas for determining the existence of an implicit waiver, and no one factor can be isolated or singled out to achieve controlling weight." Middletown Innkeepers, Inc. v. Spectrum Interiors,
12th Dist. CA2004-01-020, 2004-Ohio-5649, ¶ 14.
 {¶ 27} In conducting a totality of the circumstances review of whether a party acted inconsistently with his right to arbitration, the court can consider the following non-exclusive list of factors:
 {¶ 28} "(1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts." Harsco, 122 Ohio App.3d at 410, quoting Phillips v. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353. See, also Chapman Excavating Co., Inc. v.Fortney Weygandt, Inc., 8th Dist. No. 84005, 2004-Ohio-3867, ¶ 39.
 {¶ 29} We note that this test presupposes that it is thedefendant who has arguably waived arbitration since the plaintiffalready waived arbitration by filing the suit. Id. See, also,Griffith, 130 Ohio App.3d 746 (with an exception where the plaintiff does not learn of the right to arbitrate until after the suit was filed). It is usually the defendant's actions after plaintiff's filing of the lawsuit that are the subject of appellate disputes on waiver of the right to arbitrate. For instance, courts have held that a defendant's mere participation in a lawsuit may not constitute waiver, but active participation evincing an intent to acquiesce in the judicial process is waiver. Tinker v. Oldaker, 10th Dist. No. 03AP-671, 03AP-1036, 2004-Ohio-3316, ¶ 21. Thus, a defendant's engaging in limited discovery may not constitute waiver in certain circumstances, but filing a motion for summary judgment does. Id. at 753.
 {¶ 30} On the other hand, the plaintiff's filing of the lawsuit where knowledge of the right to arbitrate is not disputed is active participation evincing an intent to acquiesce in the judicial process. A plaintiff's filing of a lawsuit constitutes waiver if the plaintiff knew of the right to arbitrate. ZaporArchitects Grp., Inc. v. Riley, 7th Dist. No. 03JE27, 2004-Ohio-3201, ¶ 28; Peterson, 7th Dist. No. 99CO02. See, also, Hogan v. Cincinnati Fin. Corp., 11th Dist. No. 2003-T-0034, 2004-Ohio-3331; Harsco, 122 Ohio App.3d at 412 (3d Dist.).
 {¶ 31} As appellees state, even if we impose the importance to the prejudice factor (and the accompanying federal case law) that appellants urge, the trial court could still reasonably find waiver in this case. Appellants filed suit in November 2001 in a federal district court in New Jersey. These Ohio parties were thus hailed into a distant forum. Upon appellees' multi-pronged motion, the federal court dismissed the case on multiple alternative grounds: lack of subject matter jurisdiction, lack of personal jurisdiction, and lack of venue. In exhibits to their motion for summary judgment, appellees state that they spent $11,000 in attorneys' fees for both local and New Jersey counsel in garnering the dismissal of the federal action.
 {¶ 32} Appellants waited approximately two years from their filing of that suit (and well over one year from dismissal of that suit) to assert their right to arbitrate the exact issue on which they brought the federal suit; that is, the right to pre-sale accounts receivables. We note that appellants used the 1997 contract in order to submit the matter to arbitration because this was the only contract with an arbitration clause and because it is the contract that establishes the amount to which each party is entitled from any receivable that are excluded by the 2000 contract. However, they agree that the dispute submitted to arbitration concerns the same subject matter as their federal suit which alleged breach of the 2000 contract's exclusion of the pre-sale accounts receivable. In fact, the arbitrator could only find in appellants' favor if he first reviewed the 2000 contract, which was the topic of the federal suit.
 {¶ 33} The filing of the federal suit evinced an acquiescence by appellants in the judiciary's role on the topic of whether appellees collected and retained pre-sale accounts receivable. Under the totality of the circumstances, the trial court could reasonably find that appellants waived the right to arbitrate by acting inconsistently with its known right where it not only filed a suit in a removed federal jurisdiction but also waited more than one year from dismissal of that suit to seek arbitration on the same allegations. A plaintiff creates certain reasonable expectations on the part of the defendant when a suit is brought on a dispute. If the plaintiff knew that the exact dispute was subject to arbitration under a different contract, then the defendant can rationally anticipate that the plaintiff has waived any right to arbitrate by filing the suit against him; it then is only the defendant's right to compel arbitration of the dispute.
 {¶ 34} Regardless, it would not be arbitrary, unconscionable, or unreasonable for a court to find that appellees were sufficiently prejudiced by appellants' acts that were at odds with their right to arbitration. There was a lengthy delay between the filing of the federal suit and appellants demand for arbitration. There was also a fairly long delay between the dismissal of the federal suit and appellants demand for arbitration. Also notable is the fact that appellants filed suit in New Jersey against Ohio defendants but had their suit dismissed for a complete lack of basic compliance with the rules governing the proper jurisdiction and forum. Finally, there existed more than minimal time and expense here.
 CONCLUSION {¶ 35} For all of the foregoing reasons, this assignment of error is overruled. The trial court's decision granting summary judgment to appellees is thus upheld. Appellants have no present right to arbitrate their claim and must resort to the court system for their remedy as they initially attempted.
 {¶ 36} As for the cross-appeal, appellees suggest that their cross-assignment of error was only filed as a conditional or alternative device in case we reversed the trial court's grant of summary judgment on the waiver ground. Because we overruled appellants' assignment of error in the original appeal, appellees' cross-assignment of error need not be addressed.
 {¶ 37} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.