OPINION
{¶ 1} The SS Building Group, Inc. ("SS"), appeals from the trial court's decision and entry overruling its motion to stay litigation pending arbitration.
 {¶ 2} SS advances two assignments of error on appeal. First, it contends the trial court erred in refusing to grant a stay because the case is appropriate for arbitration. Second, it claims the trial court erred in finding a waiver of its right to arbitrate its dispute with plaintiff-appellee, Middletown Innkeepers, Inc.
 {¶ 3} Although we agree that the parties' dispute is "appropriate for arbitration," insofar as it appears to fit within the scope of their arbitration agreement, we conclude that the trial court did not abuse its discretion in finding an implied waiver of SS's right to arbitrate. Accordingly, we will affirm the judgment of the Butler County Common Pleas Court for the reasons set forth below.
 I. Factual and Procedural Background {¶ 4} The record reflects that Middletown Innkeepers filed a breach-of-contract complaint against SS and several other defendants on December 21, 2001. SS answered on March 4, 2002, and pleaded the existence of an arbitration agreement as its nineteenth affirmative defense. Thereafter, SS and the other parties engaged in substantial pretrial discovery and motion practice. With regard to SS in particular, it participated in a May 13, 2003 joint motion to dismiss for failure to prosecute, motion to compel discovery, request to vacate scheduling order, and motion for sanctions/costs. SS also filed notices of depositions and an expert's report in August, 2003.
 {¶ 5} In response to an amended complaint by Middletown Innkeepers, SS filed a new answer on September 9, 2003, and again pleaded the existence of an arbitration agreement as its nineteenth affirmative defense. The following day, the trial court sustained a motion by SS to file a third-party complaint. By agreement of the parties, the trial court also vacated a trial date and rescheduled the trial. On September 22, 2003, SS filed its third-party complaint against ten parties. Thereafter, on November 14, 2003, SS moved to stay litigation pending arbitration. The trial court overruled SS's motion in a January 20, 2004 decision and entry, reasoning:
 {¶ 6} "Even though there is some evidence to suggest that Defendant explicitly waived its right to arbitration, this Court believes there is enough evidence to support [a finding that] Defendant implicitly waived its right to arbitration. Defendant waited almost two years after the original complaint was filed, and four months prior to the rescheduled trial date, to file its motion and assert its right to arbitration. This Court finds that Defendant waited far too long to file the motion asserting arbitration. The parties have engaged in extensive discovery, the trial date has already been rescheduled, and the Complaint was filed over two years ago. To grant Defendant's motion to stay now would be unfair to the other parties and create chaos.
 {¶ 7} "Therefore, this Court finds that based on the totality of the circumstances, Defendant has acted inconsistently with its right to arbitrate and the arbitration clause is unenforceable."[1]
 {¶ 8} This timely appeal followed.
 II. Analysis {¶ 9} In its first assignment of error, SS contends the trial court should have granted a stay of litigation because the case is appropriate for arbitration. In support, SS argues at length that its contract dispute with Middletown Innkeepers raises a matter referable to arbitration under the terms of a written arbitration agreement. In response, Middletown Innkeepers asserts that this assignment of error raises a "non-issue" because the trial court did not deny SS's motion for lack of an arbitrable issue or a valid arbitration agreement.
 {¶ 10} Upon review, we agree with Middletown Innkeepers. The trial court characterized SS's motion as raising two issues: (1) whether SS waived its right to arbitrate and (2) whether the parties' arbitration agreement was enforceable.[2] The trial court then determined that SS had waived its right to arbitrate. For that reason alone, the trial court declared the parties' arbitration agreement to be unenforceable.[3] The trial court never suggested that Middletown Innkeepers' complaint raised a nonarbitrable issue or that no valid arbitration agreement existed. Because the trial court did not address these issues, they are not properly before us. Accordingly, we overrule SS's first assignment of error.
 {¶ 11} In its second assignment of error, SS contends the trial court erred in finding a waiver of its right to arbitrate its dispute with Middletown Innkeepers. SS insists it neither expressly waived its right to arbitrate nor implicitly waived that right by taking actions inconsistent with arbitration.
 {¶ 12} We review the trial court's finding of waiver for an abuse of discretion. Georgetowne Condominium Owners Assoc. v.Georgetowne Ltd. Partnership, Warren App. No. CA2002-02-010, 2002-Ohio-6683, at ¶ 6, citing Harsco Corp. v. Crane CarrierCo. (1997), 122 Ohio App.3d 406, 410. Under that standard, we will not reverse the trial court unless it acted unreasonably, arbitrarily, or unconscionably. Id., citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Upon review, we find no abuse of discretion in the trial court's determination that SS waived its right to arbitrate. In reaching this conclusion, we note that the record fails to establish an express waiver by SS. Although the trial court purported to find "some evidence to suggest that Defendant explicitly waived its right to arbitration," it did not decide the waiver issue on this basis. Rather, it denied SS's motion on the basis of an implied waiver. On appeal, however, Middletown Innkeepers claims SS agreed to forego arbitration in exchange for the trial court vacating a trial date. We find no evidence to support this claim. Indeed, the evidence before us is to the contrary.[4] As a result, we decline to find an express waiver of SS's right to arbitrate.
 {¶ 14} It is well-settled that the right to pursue arbitration also may be waived by implication. Id. at ¶ 12, citing Griffith v. Linton (1998), 130 Ohio App.3d 746, 751. To establish an implicit waiver, Middletown Innkeepers was required to prove that SS "knew of an existing right to arbitration and acted inconsistently with that right to arbitrate." Id. at ¶ 11, citing Harsco, at 413-414. As we explained in Georgetowne,
"[t]here are no talismanic formulas for determining the existence of an implicit waiver, and no one factor can be isolated or singled out to achieve controlling weight." Id. at ¶ 12, citingAtkinson v. Dick Masheter Leasing II, Inc., Franklin App. No. 01AP-1016, 2002-Ohio-4299.
 {¶ 15} When considering whether a party acted so inconsistently with its right to arbitrate that an implied waiver may be found, a court should examine the nature and extent of the party's participation in litigation. Id. Relevant facts and circumstances include: "(1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the nonrequesting party has been prejudiced by the requesting party's inconsistent acts." Id. at ¶ 13, citing Harsco,122 Ohio App.3d at 414.
 {¶ 16} In the present case, SS certainly knew of its contractual right to arbitrate. This is evident from the fact that it cited the arbitration agreement as its nineteenth affirmative defense. The crucial issue, then, is whether SS acted inconsistently with its right to arbitrate. A review of the record persuades us that it did. SS delayed filing its motion for a stay until almost two years after Middletown Innkeepers filed its original complaint. Prior to filing its motion, SS also participated in litigation by initiating discovery requests, deposing witnesses, moving to compel discovery, moving for sanctions and costs, filing an expert's report, and requesting the vacation of a scheduled trial date. Before seeking a stay pending arbitration, SS also filed a potentially dispositive motion to dismiss the action "on the merits."[5] In addition, SS invoked the trial court's jurisdiction by filing a third-party complaint against numerous parties before seeking a stay pending arbitration. See Harsco, at 416 (stating that filing a third-party complaint demonstrates "recognition of the trial court's authority to determine the suit pending before it"). It is not unreasonable to conclude that at least some of the foregoing actions prejudiced Middletown Innkeepers, particularly insofar as it had to spend time and money defending against SS's motions and fighting to avoid dismissal of its complaint on the merits. Cf. Phillips v. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353.
 {¶ 17} In short, the record persuades us that each of the four factors mentioned above militates against SS's motion for a stay pending arbitration. After citing the arbitration agreement in its nineteenth affirmative defense, SS embarked on a two-year course of conduct largely inconsistent with an intent to arbitrate. This court has recognized that "[i]t is incumbent upon the party seeking arbitration to immediately move for a stay of proceedings." Georgetowne, 2002-Ohio-6683, at ¶ 17. In the present case, SS failed to do so.
 {¶ 18} SS seeks to justify its delay by arguing that it "raised its arbitration defense at every appropriate juncture."[6] In particular, SS stresses that it asserted the arbitration agreement as an affirmative defense and later "reserved its right" to arbitrate when filing a motion seeking dismissal on the merits. SS also contends it "could not pursue its claim for arbitration until it was determined specifically what claims Middletown was raising and when they were discovered."[7] SS argues that it did not obtain this information until it deposed Middletown Innkeepers' representative, Har Bhatnagar, in October, 2003. Because it filed its motion for a stay pending arbitration the following month, SS insists that it acted promptly.
 {¶ 19} We are unpersuaded by SS's arguments. Citing an arbitration agreement as an affirmative defense will not preserve the ability to seek a stay when a defendant subsequently participates in litigation to an extent inconsistent with arbitration. A party cannot "sit on its right to arbitrate only to assert, some two years later, that the arbitration agreement was raised in its answer as an affirmative defense." Phillips,
at *5. Likewise, we find SS's periodic attempts to "reserve its right" to arbitrate to be of no effect. The proper way to preserve such a right is to raise arbitration as a defense in an answer and then promptly move for a stay pending arbitration.Jones v. Honchell (1984), 14 Ohio App.3d 120, 122;Georgetowne, at ¶ 17. A party cannot reserve its right to arbitrate while simultaneously taking actions inconsistent with that right. Permitting such conduct would allow a defendant to have its proverbial cake and eat it too. We find it inappropriate to invoke the machinery of litigation by filing, among other things, a motion to dismiss on the merits and numerous third-party complaints while purportedly "reserving a right" to opt into arbitration at a later date. Phillips, at *5. At some point, actions inconsistent with the right to arbitrate demonstrate a waiver of the right. Georgetowne, at ¶ 18. The trial court did not abuse its discretion in finding that SS had reached that point.
 {¶ 20} We are equally unpersuaded by SS's argument that it could not move for a stay until after it deposed Mr. Bhatnagar. SS contends deposing Mr. Bhatnagar was a necessary prerequisite to seeking a stay pending arbitration because he provided key information that supported a res judicata defense to the claims in this case. SS makes no attempt, however, to explain why it needed to possess evidence supporting a res judicata defensebefore seeking a stay pending arbitration. SS presumably could have deposed Mr. Bhatnagar and obtained this information in an arbitral forum.[8] Finally, we are unpersuaded by SS's reliance on case law stating that a party does not waive its right to arbitrate by limited participation in litigation or by defending its right to arbitrate. Although we do not dispute these propositions, the record supports a finding that SS engaged in litigation to a significant degree and acted inconsistently with its right to arbitrate. Thus, we see no abuse of discretion in the trial court's finding of a waiver. SS's second assignment of error is overruled.
 Conclusion {¶ 21} Having overruled SS's assignments of error, we affirm the judgment of the Butler County Common Pleas Court.
 {¶ 22} Judgment affirmed.
Fain, P.J., and Young, J., concur.
Fain, P.J., Brogan, J., and Young, J., of the Second Appellate. District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV, of the Ohio Constitution.
[1] Doc. #147 at 4.
[2] Doc. #174 at 3.
[3] Id. at 4.
[4] See affidavit of Peter C. Newberry, Doc. 111 at ¶ 2-4.
[5] See Doc. #20 at 6.
[6] Appellant's brief at 12-13.
[7] Id. at 13.
[8] On the other hand, if the litigation process enabled SS to obtain discovery that would not have been available in arbitration, this would be a compelling reason to deny SS's motion for a stay. A party cannot take advantage of the civil litigation process to obtain discovery unavailable in arbitration and then seek to transfer the action to an arbitral forum to use the discovery against an opponent. See, e.g., PPG Industries,Inc. v. Webster Auto Parts, Inc. (C.A.2, 1997), 128 F.3d 103,109 (recognizing that a party cannot take advantage of pre-trial discovery not available in arbitration); Stifel, Nicolaus Co.v. Freeman (C.A.8, 1991), 924 F.2d 157, 159 ("Prejudice may result from * * * use of discovery methods unavailable inarbitration.").