OPINION
{¶ 1} Plaintiff-appellant, Tim Land, appeals the decision of the Fairfield Municipal Court to dismiss his complaint after it found the parties contractually obligated to submit to arbitration.
 {¶ 2} Appellant sued defendant-appellee, J.D. Byrider, Inc. ("J.D. Byrider"), over issues related to the purchase of a used truck from J.D. Byrider and repair of the vehicle.
 {¶ 3} J.D. Byrider moved to dismiss appellant's complaint in the trial court. In its motion, J.D. Byrider argued dismissal for two reasons, one of which alleged that the contract *Page 2 
documents between the parties contained an arbitration clause requiring arbitration if a party demanded arbitration, and J.D. Byrider was "electing]" arbitration. The trial court dismissed the case, stating that, "the parties are contractually obligated to submit this matter to Binding Arbitration."
 {¶ 4} Appellant now appeals this determination, presenting one assignment of error:
 {¶ 5} "The Trial Court committed reversible error to the prejudice of the Plaintiff/Appellant Tim Land by granting Defendant J.D. Byrider, Inc.'s Motion to Dismiss."
 {¶ 6} J.D. Byrider failed to file an appellate brief in this case, and pursuant to App. R. 18(C), this court may accept appellant's statement of facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
 {¶ 7} Appellant first argues that the trial court erred in dismissing his complaint because J.D. Byrider impliedly waived enforcement of the arbitration clause by failing to assert the clause in its answer.[1]
 {¶ 8} A party to a contract to arbitrate waives that right when it files a lawsuit rather than requesting arbitration; when the other contracting party files an answer and does not demand arbitration, it, in effect, agrees to the waiver and a referral to arbitration is not appropriate. Mills v. Jaguar-Cleveland Motors, Inc. (1980),69 Ohio App.2d 111, syllabus; Jones v. Honchell (1984), 14 Ohio App.3d 120, 122.
 {¶ 9} Since Ohio public policy strongly favors arbitration,[2] the party asserting a waiver has the burden of proof and must show that (1 ) the waiving party knew of the existing right to arbitrate; and (2) the totality of the circumstances demonstrate the party acted inconsistently *Page 3 
with the known right. Constr. Technologies, L.L.C. v. Southbridge Hous.Partners, L.P., Lucas App. No. L-06-1080, 2006-Ohio-6630, ¶ 12;Middletown Innkeepers, Inc. v. Spectrum Interiors, Butler App. No. CA2004-01-020, 2004-Ohio-5649, ¶ 14.
 {¶ 10} When considering whether a party acted so inconsistently with its right to arbitrate that an implied waiver may be found, facts and circumstances to consider include: "(1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the nonrequesting party has been prejudiced by the requesting party's inconsistent acts." Middletown Innkeepers
at ¶ 15; Harsco Corp. v. Crane Carrier Co (1997), 122 Ohio App.3d 406, 414. A waiver of the right to arbitrate will not be inferred lightly.Harsco at 415.
 {¶ 11} As we previously noted, we must accept appellant's statement of facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. Appellant argues that the contract at issue was written by J.D. Byrider, and, therefore, it was aware of the arbitration clause in its contract. The record does not dispute the assertion that J.D. Byrider wrote the contract in question.
 {¶ 12} The record indicates that J.D. Byrider did not raise the arbitration clause as a defense in its answer and did not seek to compel arbitration with a motion to stay the proceedings under R.C. 2711.02. See Honchell, 14 Ohio App.3d at 122. The trial court subsequently held a scheduling conference and filed an entry reflecting discovery and summary judgment deadlines, and a trial date, again, without J.D. Byrider asserting the arbitration clause. *Page 4 
 {¶ 13} J.D. Byrider finally raised the arbitration clause in a motion to dismiss nearly two months after the scheduling conference, arguing that the arbitration clause was one of the reasons the case should be dismissed under Civ.R. 12(B)(4), insufficiency of process.
 {¶ 14} We find that appellant's assertions on this particular issue are supported by the record. J.D. Byrider waived its right to arbitrate the applicable issues. The trial court abused its discretion in deciding the issue of waiver, Harsco at 410, and erred in granting the Civ.R. 12(B)(4) motion to dismiss. Appellant's assignment of error is sustained on the issue of waiver.
 {¶ 15} Judgment reversed and cause remanded to the trial court for further proceedings.
WALSH, P.J., and YOUNG, J., concur.
[1] Appellant also made this argument to the trial court below in its response to the motion to dismiss.
[2] However, we also note that consumer transactions involving necessities such as transportation deserve close scrutiny before an arbitration clause is enforced. Felix v. Ganley Chevrolet, Inc., Cuyahoga App. Nos. 86990, 86991, 2006-Ohio-4500, ¶ 27. *Page 1