STANDARD ROOFING COMPANY, APPELLANT, *v.* JOHN G. JOHNSON & SONS CONSTRUCTION COMPANY ET AL., APPELLEES.

(No. 36669—Decided December 8, 1977.)

*Mr. Ronald H. Isroff,* for appellant
*Mr. Reynold L. Kenen,* for appellees.

KRUPANSKY, J. On November 10, 1975 plaintiff Standard Roofing Company (hereinafter referred to as Standard Roofing) filed a complaint against defendants John G. Johnson & Sons Construction Co. (hereinafter referred to as Johnson) and the American Arbitration Association, seeking an injunction restraining arbitration of a dispute between Standard Roofing and Johnson. The case was heard upon the following stipulations:

"1. On or about June 15, 1971 plaintiff Standard Roofing Company entered into a written agreement * * * with defendant John G. Johnson & Sons Construction Co. (hereinafter referred to as 'defendant Johnson') to perform certain roofing and sheet metal work at the Chapman Elementary School in Strongsville, Ohio. Plaintiff then entered into an oral agreement with Bay Furnace and Sheet Metal Company (hereinafter referred to as 'Bay')

154

whereby Bay agreed to furnish certain labor and materials in connection with said roofing and sheet metal work.

"2. In connection with the performance of said work, Bay purchased certain grouting material from Jackson Tool Supply Company, Inc. (hereinafter referred to as 'Jackson') which material was manufactured by Metalcrete Manufacturing Company (hereinafter referred to as 'Metalcrete'). Said grouting material was then applied to the said Chapman Elementary School by Bay. Said grouting material was not the same material specified by the architect in its drawings nor the contract documents, and said substitution of the grouting material was done without the approval of or consent of the general contractor, and further, the parties have been informed by the architect that said substitution was done without its approval.

"3. On or about February 5, 1973, defendant Johnson filed a lawsuit against plaintiff [Standard Roofing] and Bay in this Court entitled 'John G. Johnson & Sons Construction Company, Plaintiff v. The Standard Roofing Company and Bay Furnace and Sheet Metal Company, Defendants,' bearing Case No. 914227 wherein defendant alleged that plaintiff and Bay, during the performance of the work, caused cracking of stone at the flashing reglet of said Chapman Elementary School. * * *

"4. In said lawsuit plaintiff [Standard Roofing] filed a cross-claim against Bay for negligence, breach of warranty and breach of contract and both plaintiff [Standard Roofing] and Bay filed Third Party Complaints against Jackson and Metalcrete for breach of warranty and negligence.

"5. Said lawsuit was set for trial for October 15, 1975. However, on October 1, 1975, defendant Johnson filed a Notice of Dismissal. * * *

"6. On or about October 20, 1975 Johnson filed a Demand for Arbitration * * * with defendant American Arbitration Association (hereinafter referred to as 'defendant Association'). On or about November 3, 1975, plaintiff received notice * * * from the Administrator of the defendant Association of the institution of arbitration proceed-

ings relating to the damage to said Chapman Elementary School.

"7. Said agreement dated June 15, 1971 between plaintiff Standard Roofing Company and defendant Johnson * * * provides as follows:

"*Article 13*, Arbitration

" 'All claims, disputes and other matters in question arising out of, or relating to this contract, or the breach thereof, shall be decided by arbitration in the same manner, and under the same procedure as provided in the Contract Documents with respect to disputes between the owner and the contractor except that a decision by the architect shall not be a condition precedent to arbitration.' "

In addition to the above stipulations, the following documents were included in the record: The contract between Johnson and Standard Roofing, a copy of the complaint filed against Standard Roofing by Johnson, the notice of dismissal of that action, the arbitration demand, and the notice from the American Arbitration Association stating that arbitration proceedings had been instituted.

The lower court refused to enjoin the arbitration proceedings, holding Johnson had not waived the right to arbitrate its dispute with Standard Roofing.

Standard Roofing appealed from the denial of injunctive relief assigning a single error:

"The trial court erred in holding that the bringing of the prior lawsuit by defendant Johnson against plaintiff and its dismissal more than two and one-half years later and two weeks prior to the scheduled trial did not constitute a waiver on the part of the defendant Johnson of its right to arbitrate its dispute with plaintiff."

Johnson's action for breach of contract was dismissed under Civ. R. 41(A)(1) which states:

"Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim

which cannot remain pending for independent adjudication by the court has been served by the defendant[1] or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.''

Since a dismissal under this rule is without prejudice, a plaintiff may refile his complaint at any time within the applicable statute of limitations. Demanding arbitration following a voluntary dismissal without prejudice is analogous to refiling the complaint with the court.

Under Civ. R. 41 Standard Roofing could not have complained if Johnson had filed a second complaint in Common Pleas Court following the dismissal. Since preparation for arbitration is not substantially different than preparing a defense for litigation in court, we feel Standard Roofing has shown no prejudice in being denied an injunction to restrain arbitration.

Standard Roofing contends Johnson waived its right to arbitrate disputes under the contract by commencing an action in court. However, the two Ohio cases upon which Standard Roofing relies do not support its argument.

The first of these cases, *Board of Education of the Addyston Village School District* v. *Nolte Tillar Bros. Construction Company* (1943), 71 Ohio App. 469, was an appeal from the denial of a motion for judgment notwithstanding the verdict. The defendant was considered to have waived its right to arbitrate the dispute by waiting until *after trial* to raise the issue. In the present case, on the other hand, the action was dismissed by the plaintiff without prejudice *prior to trial.*

The second case upon which Standard Roofing relies is *Gillette* v. *Brookhart* (1954), 70 Ohio Law Abs. 493, an

---

[1]No counterclaims were pending in the original contract action. A cross-claim and third party complaints were pending, however.

action to enforce a contract in the Mercer County Common Pleas Court. The contract in question, a lease agreement, provided that any differences between the two parties would be deferred to a board of arbitrators. In the belief that the lessee had not complied with the terms of the lease, the lessor ordered the lessee off the premises without referring the matter to arbitration. The lessee brought suit alleging in his petition that the lessor had breached the contract by serving notice to vacate without bringing the matter before a board of arbitrators. The lessor demurred to the petition. The court sustained the demurrer to the petition reasoning that the lessor's duty to arbitrate was extinguished when the lessee brought the action for breach of contract. In other words, while the action was pending in court, the lessee had waived his right to arbitration. No action was pending in the present case when Johnson demanded arbitration. Thus, *Gillette, supra,* does not apply.

Upon dismissal of the action in the proceedings at bar, the parties were bound by the arbitration clause just as they were before litigation commenced. This was recognized in *La Nacional Platanera v. North American Fruit and Steamship Corp.* (C. A. 5, 1936), 84 F. 2d 881, wherein the court stated at page 882:

"The general rule is that either party to a contract or arbitration may waive it. Plaintiff in this case must be held to have waived the provision of arbitration initially by bringing suit for damages without relying upon it. *However, it had the right to dismiss and abandon that suit at any time before final judgment and bring a new suit to enforce the clause for arbitration.* But it is doubtful that it was entitled to an order staying its own suit to permit it to belatedly try to enforce arbitration." (Emphasis added.)

The rights and duties of the parties under the arbitration clause shifted at various stages of the proceedings. Before the first suit was filed, both Standard Roofing and Johnson possessed the right to have their differences arbitrated. Johnson waived the right by filing its complaint. *Gillette, supra.* At that point Standard Roofing could have

enforced the arbitration clause by seeking a stay of proceedings under R. C. 2711.02[2] Instead, Standard Roofing acquiesced in the proceedings by filing a cross-claim and a third party complaint. Thus, Standard Roofing also waived the right to enforce the arbitration clause while the action was pending. If it had sought a stay just prior to the dismissal of the case, Standard Roofing would have been found in default in proceeding with the arbitration under R. C. 2711.02, and the stay would not have been granted. See *Addyston Village School District, supra; Burton Dixie Corp.* v. *Timothy McCarthy Construction Company* (C. A. 5, 1971), 436 F. 2d 405; *Cornell & Company* v. *Barber & Ross Company* (D. C. Cir. 1966), 360 F. 2d 512; *American Locomotive Co.* v. *Chemical Research Corporation* (C. A. 6, 1949), 171 F. 2d 115; *Galion Iron Works & Mfg. Co.* v. *J. D. Adams Mfg. Co.* (C. A. 7, 1942), 128 F. 2d 411. Johnson would probably also have been denied a stay at that point for the same reason. *La Nacional Platanera* v. *North American Fruit & Steamship Corp.* (C. A. 5, 1936), 84 F. 2d 881. In dismissing the case, Johnson put the parties back in their original positions, with equal rights under the arbitration clause.

The fact that Johnson could enforce the arbitration clause by dismissing the action at a time when the court would not have granted Standard Roofing an opportunity to institute arbitration proceedings did not operate to the prejudice of Standard Roofing. Standard Roofing chose to proceed with the litigation instead of requesting a stay under R. C. 2711.02 with the knowledge that Johnson could dismiss the case at any time prior to trial.

We hold that Johnson was entitled under Civ. R. 41

---

[2]R. C. 2711.02 provides:

"If any suit or proceeding is brought upon any issue referrable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referrable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration.*" (Emphasis added.)

(A)(1) to dismiss its contract action at any time prior to trial and proceed with arbitration so long as Standard Roofing was not prejudiced by the intervening Common Pleas proceedings. We cannot totally embrace the language of *La Nacional Platanera, supra,* stating that suit could be dismissed any time before final judgment, since this implies that such dismissal would be proper even after trial, after submission to the trier of fact—either judge or jury —but before judgment was rendered. Civ. R. 41(A) does not permit a voluntary dismissal by the plaintiff after trial has commenced.

We believe Standard Roofing has not demonstrated prejudice. For example, there is no evidence that Johnson will be in a position to take unfair advantage of any discovery that may have taken place prior to dismissal of the case. In addition, there is nothing in the record to indicate Standard Roofing was put to great expense in defending the suit. During oral argument it was asserted that prejudice arose from the fact that Standard Roofing would not be able to pursue its third party complaints against Jackson and Metalcrete in arbitration. If Standard Roofing did not prevail in arbitration, it would have to seek indemnity from Jackson and Metalcrete in subsequent litigation. We do not believe this constitutes prejudice. Such an indemnity action would have been necessary if arbitration had been demanded originally. There also appears to be no prejudice from the delay in the commencement of arbitration caused by the Common Pleas proceedings. Standard Roofing has not shown that Johnson's delay in demanding arbitration was any greater than it could have been if no complaint had been filed in Common Pleas Court.

Because Standard Roofing has not been prejudiced by Johnson's dismissal of the contract action and the subsequent arbitration demand, the judgment of the lower court denying injunctive relief is affirmed.

*Judgment affirmed.*

CORRIGAN, P. J., and STILLMAN, J., concur.