OPINION
Safeco Insurance Company appeals from a judgment of the common pleas court, which granted Lewis Lilly's motion to enforce binding arbitration for underinsured motorists coverage of his wife's loss of consortium claim. On appeal, Safeco concedes that since the filing of its complaint for declaratory judgment in this case, the Ohio Supreme Court has decided Ross v. Farmers'Group of Companies (1998), 82 Ohio St.3d 281, and pursuant to that holding, while coverage may exist for a loss of consortium claim, Lilly still must prove the amount of such damages.
After a review of the record and the case authority on these issues, we have concluded that the court did not abuse its discretion by referring the loss of consortium claim to arbitration staying the declaratory judgment action and Lilly's counterclaim for bad faith against Safeco, and therefore, we affirm the decision of the trial court and remand the matter for further proceedings.
The parties do not generally dispute that Lilly sustained severe spinal injuries and incurred medical expenses in excess of $700,000 as a result of a motor vehicle accident on October 15, 1990 nor that his counsel filed suit to recover damages for those injuries and joined Safeco in that action seeking recovery in accordance with the underinsured motorists provisions of Lilly's policy. The trial court, however, granted summary judgment to Safeco in that litigation and subsequently, settled the case against the tortfeasor for $445,000. Before accepting the settlement check on those claims, however, Lilly's counsel sent a letter to Safeco agreeing to credit Safeco with the full $500,000 policy limits, and stating that Safeco would only be liable for underinsured damages in excess of the $500,000 policy limits. In that letter, Lilly's counsel demanded underinsured motorist coverage from Safeco in the amount of $100,000 for Lilly's claim and $100,000 for Helen's loss of consortium claim.
Both counsel have represented to our court that Lilly filed suit on these claims against Safeco, and for Lilly's underinsured motorist claim received a $100,000 settlement, but that Lilly voluntarily dismissed Helen's consortium claim without any recovery. It is that claim which is the subject of this appeal.
On September 11, 1997, Safeco filed the instant case for declaratory judgment seeking a determination that Lilly is not entitled to underinsured motorist coverage for Helen's loss of consortium claim because he waived it by joining Safeco in the original action against the tortfeasor. In response to the declaratory judgment action, Lilly counterclaimed for bad faith, and sought arbitration on Helen's consortium claim in accordance with the policy provisions. The court granted arbitration and stayed the remaining claims. Safeco now appeals from the order to arbitrate Helen's consortium claim and raises one assignment of error for our review, which states:
 THE TRIAL COURT ERRED IN STAYING PROCEEDINGS PENDING BINDING ARBITRATION.
Safeco urges the trial court erred in granting Lilly's motion to arbitrate contending that the policy only provides for arbitration of underinsured motorist claims and that Lilly waived any right to arbitration by adding Safeco as a party in the original action. Lilly maintains the court properly referred the loss of consortium claim to arbitration in accordance withStandard Roofing v. John G. Johnson Sons Constr. Co., (1977),54 Ohio App.2d 153, where the court held that a party who brings an action for breach of contract may voluntarily dismiss the claim and seek arbitration provided the other party is not prejudiced. The issue here then concerns whether the court erred when it granted Lilly's motion to arbitrate his wife's loss of consortium claim.
We begin by noting that in Standard Roofing, supra, our court stated in the headnote:
 A party to a contract containing an arbitration clause who brings an action for breach of the contract is entitled, under Civ. R. 41 (A) (1), to dismiss the action prior to trial and proceed with arbitration provided the other party to the contract has not been prejudiced by the intervening proceedings in the trial court.
There, the facts revealed that despite the pendency of a lawsuit for two and one-half years and its dismissal just two weeks prior to trial, Johnson Sons Construction Company had not waived its right to arbitrate the dispute absent a showing of prejudice by Standard Roofing.
In Neubrander v. Dean Witter Reynolds, Inc. (1992), 81 Ohio App.3d 308,311, the court stated:
 It is well recognized that a clause in a contract providing for dispute resolution by arbitration should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute. Independence Bank v. Erin Mechanical (1988), 49 Ohio App.3d 17. * * *; Gibbons-Grable Co. v. Gilbane Bldg. Co. (1986), 34 Ohio App.3d 170, * * *; In * * * examining an arbitration clause, a court must bear in mind the strong presumption in favor of arbitrability and resolve all doubts in favor of arbitrability. Id.
After analyzing the applicable case authority, the relevant consideration presented on this appeal concerns whether Safeco had been prejudiced by the prior litigation and whether the consortium claim had been adjudicated. The language of the arbitration clause which must be construed most strongly against Safeco states:
 If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this section, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration. * * *
In this case, Lilly originally filed suit against the tortfeasor and joined Safeco in that suit. Our record here indicates the trial court granted summary judgment to Safeco but our record does not include the basis for the court's decision in that case. The parties do not dispute that Lilly filed a second lawsuit against Safeco seeking underinsured motorist coverage in the amount of $100,000 for himself and an additional $100,000 for Helen nor that Lilly settled his claim with Safeco for $100,000 but voluntarily dismissed Helen's consortium claim.
Nowhere does the record before us demonstrate any prejudice to Safeco arising from the prior litigation involving efforts by Lilly's counsel to adjudicate Helen's loss of consortium claim. Because the record here does not demonstrate any prejudice to Safeco from the prior litigation, such as having Lilly in a position to take unfair advantage of prior litigation discovery, or that it had been put to great expense in defending the prior litigation, or from the delay in commencing the arbitration, in accordance with our decision and Standard Roofing, arbitration is the preferred method of resolution of this claim. Thus, the trial court correctly ordered arbitration to determine the amount of Helen's loss of consortium claim in this instance.
Judgment affirmed. Matter remanded for further proceedings.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and MICHAEL J. CORRIGAN, J.,CONCUR.
 ________________________________ PRESIDING JUDGE TERRENCE O'DONNELL