OPINION
{¶ 1} Defendant-appellant, Domestic Linen Supply Laundry Co., Inc. d/b/a Domestic Uniform, appeals from a Mahoning County Common Pleas Court judgment granting a preliminary injunction enjoining it from seeking arbitration with plaintiff-appellee, Robert J. Davis, and denying its motion to stay proceedings pending arbitration.
 {¶ 2} On November 23, 2005, appellee filed a complaint for declaratory judgment and request for injunctive relief against appellant. It alleged the following. On April 30, 2004, appellant filed a complaint against appellee for breach of contract for appellant's supply of linens to The Gatsby Restaurant. Appellee filed an answer denying all allegations in the complaint. In the complaint, appellant named appellee specifically as the "owner and sole proprietor of The Gatsby.'" Appellee stated that he was never the owner of The Gatsby and was instead an employee of The Gatsby and Waldon Management Corporation (Waldon), which owned The Gatsby. He further stated that in the scope of his employment, he ordered supplies for the benefit of Waldon and The Gatsby. Appellee made these assertions in his motion for summary judgment in appellant's lawsuit. Before the court could rule on appellee's summary judgment motion, appellant dismissed its lawsuit. Appellant then attempted to force appellee into arbitration pursuant to an arbitration clause in its contract with The Gatsby. Therefore, appellee asked the court for a judgment (1) that there is not an enforceable contract between him and appellant, (2) that the American Arbitration Association does not have authority to arbitrate any matters involving him, and (3) for a permanent injunction enjoining appellant from attempting to force appellee into arbitration.
 {¶ 3} In response, appellant filed a motion to stay the proceedings pending arbitration.
 {¶ 4} The matter proceeded to a hearing before a magistrate. The magistrate noted that appellant failed to appear. He then concluded that appellant waived its right to arbitration of the contract dispute. He also found that appellee did not sign the contract in his individual capacity. He noted that if the matter proceeded *Page 2 
to arbitration, appellee would be forced to spend money on arbitration and legal fees, which he would not recover if he prevailed. He further found it is in the public interest to discourage the type of forum shopping appellant had done. Therefore, the magistrate recommended enjoining appellant from seeking further participation in arbitration from appellee until the matter was finally disposed of and recommended denying appellant's motion to stay the proceedings pending arbitration.
 {¶ 5} Appellant filed objections to the magistrate's decision. First, it asserted that it was denied the opportunity to appear at the hearing because it did not have notice of it until three days after it occurred. Second, it asserted that appellee is not likely to prevail on the merits. Third, appellant asserted that it has not waived its right to arbitration. And finally, appellant asserted that appellee failed to allege the arbitration clause was procured through fraud as was required.
 {¶ 6} The court held a hearing on appellant's objections. It overruled the objections and adopted the magistrate's decision in a May 25, 2006 judgment entry.
 {¶ 7} Appellant filed a timely notice of appeal on June 12, 2006. This court subsequently put on a journal entry stating that the trial court's mere adoption of the magistrate's decision without entering a judgment defining the rights and obligations of the parties did not constitute a final appealable order. We held the appeal in abeyance to allow appellant to procure an amended entry from the trial court that constituted a final appealable order. As a result, the trial court entered a final judgment on September 11, 2006, overruling appellant's objections, adopting the magistrate's decision, denying appellant's motion to stay the proceedings pending arbitration, and enjoining appellant from seeking further participation in arbitration from appellee.
 {¶ 8} Appellant now raises a single assignment of error, which states:
 {¶ 9} "THE LOWER COURT ERRED TO THE PREJUDICE OF DOMESTIC BY GRANTING DAVIS' MOTION FOR A PRELIMINARY INJUNCTION AND DENYING DOMESTIC'S MOTION TO STAY MATTER PENDING ARBITRATION."
 {¶ 10} Appellant argues that the court impermissibly considered the previous *Page 3 
lawsuit in determining that it waived the right to arbitration. It asserts that its previous lawsuit is irrelevant to the case at bar and it was error for the trial court to rely on it in making its decision. Appellant states that it dismissed its suit against appellee based in large part on the seemingly credible evidence that appellee was not the owner of The Gatsby, but was instead an employee. However, it contends that since that time, it has learned that appellee is in fact the owner of The Gatsby.
 {¶ 11} When reviewing the grant of an injunction by a trial court, this court's standard of review is abuse of discretion. Collins v.Moran, 7th Dist. No. 02-CA-218, 2004-Ohio-1381, at ¶ 17. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 12} In determining whether a preliminary injunction is appropriate, four factors are relevant: (1) is there a substantial likelihood of success on the merits; (2) will the plaintiff suffer irreparable harm if the injunction is not granted; (3) will no third parties be unjustifiably harmed by the injunction; and (4) will the public interest be served by an injunction. Martin v. Lake Mohawk Property Owner'sAssn., 7th Dist. No. 04-CA-815, 2005-Ohio-7062, at ¶ 36. The party seeking the injunction must demonstrate that it is entitled to such by clear and convincing evidence. Id.
 {¶ 13} The magistrate, and then the trial court, found that appellant filed a complaint against appellee for breach of contract. Appellee then filed a motion for summary judgment, arguing that he signed the contract in his capacity as an agent and employee of Waldon, which owns The Gatsby. Appellant then amended its complaint to include Waldon. Appellant thereafter dismissed its complaint pursuant to Civ.R. 41(A), before the court ruled on appellee's summary judgment motion. After dismissing the suit, appellant initiated arbitration proceedings against appellee pursuant to the contract.
 {¶ 14} After hearing testimony from appellee, the magistrate concluded that appellee was entitled to a preliminary injunction. The magistrate further determined *Page 4 
that appellant waived its right to arbitration by filing the lawsuit it ultimately dismissed. In finding that appellant waived its right to arbitration, the magistrate relied on Med. Imaging Network, Inc. v. Med.Resources, 7th Dist. No. 04-MA-220, 2005-Ohio-2783. And the magistrate found that appellee signed the contract in "other than his individual capacity." The magistrate found that if forced to proceed with arbitration, appellee would be forced to spend money on arbitration fees and legal fees, which he would not recover if he prevailed. He further found that if appellant had proceeded with its initial lawsuit, appellee would likely not have incurred any additional fees. Finally, the magistrate found that it was in the public interest to discourage the type of forum shopping, i.e. in court first and then in arbitration, that appellant was attempting.
 {¶ 15} As to the first factor, the magistrate found that there is a substantial likelihood that appellee would prevail on the merits. He based his decision in part on appellee's testimony. As part of his reasoning, the magistrate found that appellee signed the contract in other than his individual capacity. He would have made this finding based on appellee's testimony. This raises a problem for appellant.
 {¶ 16} Appellant failed to file a transcript of the hearing before the magistrate. It is the appellant's duty to transmit the record on appeal, including the transcript necessary for the determination of the appeal. App.R. 10(A). "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. If no transcript is available, then it is the appellant's duty to present this court with one of the transcript substitutes as provided for in App.R. 9(C). Since appellant failed to file a transcript, or an appropriate substitute, we cannot determine whether appellee's testimony helped to *Page 5 
demonstrate that he was entitled to injunctive relief. Thus, we must conclude that the first factor weighs in appellee's favor.
 {¶ 17} Moving out of order, the magistrate found that no third parties will be harmed if the injunction is granted. There seems to be no evidence or argument on appellant's part to contest this finding. Thus, the third factor weighs in appellee's favor.
 {¶ 18} Although appellant does not specifically address them, its argument deals with the second and fourth factors — irreparable injury and public interest. Appellant focuses its argument around three cases.
 {¶ 19} First, appellant cites to Stratton v. Odyssey Homes, Inc.
(Sept. 17, 1998), 8th Dist. No. 74068. In that case, Stratton filed a complaint against Odyssey. Stratton later voluntarily dismissed that complaint. Stratton subsequently refiled his complaint adding an additional count and an additional party. Odyssey then filed a motion to stay litigation and compel arbitration. The trial court denied Odyssey's motion finding that Odyssey waived its right to arbitration by failing to file a motion to stay in the first case. Odyssey appealed.
 {¶ 20} The Eighth District reversed holding that:
 {¶ 21} "A dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced. If the first case had never been commenced, it follows no subsequent determination could be based on the proceedings in the first case.
 {¶ 22} "Because Stratton voluntarily dismissed the first case, those proceedings cannot now be the basis of the denial of a motion to stay to compel arbitration because a voluntary dismissal treats the first case as though it had never been commenced." (Internal citations omitted.)
 {¶ 23} Appellant also relies on Standard Roofing Co. v. John G.Johnson Sons Const. Co. (1977), 54 Ohio App.2d 153, 376 N.E.2d 610. In that case, Johnson filed a complaint against Standard and another defendant, Bay. Standard then filed a cross-claim against Bay and both Standard and Bay filed third-party *Page 6 
complaints against two other parties. Johnson then voluntarily dismissed the lawsuit. Less than a month later, Johnson filed a demand for arbitration with the American Arbitration Association (AAA), which would have required Standard to participate in arbitration. Standard then filed a complaint against Johnson and the AAA seeking an injunction restraining arbitration. The trial court denied the motion holding that Johnson had not waived the right to arbitrate its dispute with Standard. Standard appealed.
 {¶ 24} The Eighth District held that since Johnson voluntarily dismissed its complaint without prejudice under Civ.R. 41, it was entitled to refile its complaint at any time within the applicable statute of limitations. Id. at 156. It went on to reason that demanding arbitration following a voluntary dismissal without prejudice is analogous to refiling the complaint. Id. It stated that upon dismissal of the action, the parties were bound by the arbitration clause just as they had been before litigation commenced. Id. at 157. The court went on to address the rights of the parties at various stages of the litigation. It stated:
 {¶ 25} "Before the first suit was filed, both Standard Roofing and Johnson possessed the right to have their differences arbitrated. Johnson waived the right by filing its complaint. At that point Standard Roofing could have enforced the arbitration clause by seeking a stay of proceedings under R.C. 2711.02. Instead, Standard Roofing acquiesced in the proceedings by filing a cross-claim and a third party complaint. Thus, Standard Roofing also waived the right to enforce the arbitration clause while the action was pending. If it had sought a stay just prior to the dismissal of the case, Standard Roofing would have been found in default in proceeding with the arbitration under R.C. 2711.02, and the stay would not have been granted. In dismissing the case, Johnson put the parties back in their original positions, with equal rights under the arbitration clause." (Internal citations omitted.) Id. at 157-58.
 {¶ 26} Finally, the court held that Johnson was entitled to dismiss its contract action at any time prior to trial and proceed with arbitration so long as Standard was *Page 7 
not prejudiced by the intervening common pleas court proceedings. Id. at 158-59.
 {¶ 27} Finally, appellant points our attention to Med. ImagingNetwork, Inc., 7th Dist. No. 04-MA-220. In that case, Medical Resources sued Medical Imaging in federal court. The federal court dismissed the case for lack of jurisdiction. Medical Resources later submitted the dispute to arbitration. Medical Imaging then filed a complaint for a declaratory judgment that the dispute was not subject to arbitration. It then filed a motion for summary judgment arguing, in part, that Medical Resources waived arbitration by filing suit on the same subject matter in federal court in 2001 and by waiting until late 2003 to seek arbitration. The trial court granted the motion finding that Medical Resources waived any right to arbitrate. Medical Resources appealed.
 {¶ 28} This court affirmed the trial court's decision. The parties focused their argument on federal case law requiring the element of prejudice before a party could be said to have waived its right to arbitrate. In fact, on appeal, Medical Resources did not dispute that the trial court could have reasonably found that it knew of its right to arbitrate but waived that right. This court noted, however, that Ohio law does not absolutely require a finding of prejudice in order to find waiver. Id. at ¶ 26. We stated that prejudice is a factor to be considered, but it is not a mandated element for waiver. Id. We then set out a list of factors to consider in determining whether a party has acted inconsistently with his right to arbitration. Id. at ¶ 27-28. However, we emphasized that "this test presupposes that it is thedefendant who has arguably waived arbitration since the plaintiffalready waived arbitration by filing the suit." (Emphasis sic.) Id. at ¶ 29. We went on to state that a "plaintiffs filing of a lawsuit constitutes waiver if the plaintiff knew of the right to arbitrate." Id. at ¶ 30.
 {¶ 29} We then reasoned that even if we imposed the importance to the prejudice factor that Medical Resources urged, the trial court could still have reasonably found waiver. Id. at ¶ 31. We examined various factors that indicated that Medical Imagining was indeed prejudiced by Medical Resources' acts.
 {¶ 30} Finally, we concluded that Medical Resources had no present right to *Page 8 
arbitrate their claim and had to resort to the court system for their remedy as they initially attempted. Id. at ¶ 35.
 {¶ 31} Appellant argues that the case at bar is distinguishable fromMedical Imaging based on the following. First, in that case, Medical Resources filed the suit in federal court, but it was Medical Imaging who filed the motion to dismiss that suit based on lack of jurisdiction. Second, Medical Resources waited over a year to file for arbitration. But in this case, appellant points out, it voluntarily dismissed its lawsuit pursuant to Civ.R. 41(A), which restored both parties to their original positions. Also, it filed for arbitration just three weeks after dismissing its lawsuit.
 {¶ 32} Appellant is correct in distinguishing this case fromMedical Imagining. In that case, Medical Resources, the plaintiff who filed the lawsuit, never sought to dismiss the suit. Instead, the federal court dismissed the lawsuit based on lack of jurisdiction. In this case however, appellant, the plaintiff who filed the lawsuit, dismissed its complaint pursuant to Civ.R. 41(A), which provides that a plaintiff may voluntarily dismiss a suit and that such a dismissal is without prejudice. A plaintiffs voluntary dismissal of a suit without prejudice puts the parties in the same position as if the case had never been filed. Wilson v. Marino, 6th Dist. No. L-04-1330, 2005-Ohio-6521, at ¶ 46. Thus, once appellant dismissed the suit, the parties would proceed as if no lawsuit had ever been commenced — meaning appellant would still have the right to arbitration. As the Eighth District stated, since the plaintiff voluntarily dismissed the first case, those proceedings cannot be the basis of the denial of a motion to stay to compel arbitration "because a voluntary dismissal treats the first case as though it had never been commenced." Stratton, 8th Dist. No. 74068. Based on these cases, there is not much basis for the magistrate's conclusion that appellee will be irreparably harmed and the public interest will be served by discouraging "forum shopping." If appellant has the right to arbitration, no public interest is harmed by appellant asserting that right. In fact, the public interest would be harmed by denying a party a right to arbitration since public policy in Ohio favors arbitration as a means of dispute resolution. Schaefer v.Allstate Ins. Co. *Page 9 
(1992), 63 Ohio St.3d 708, 711-12, 590 N.E.2d 1242. Furthermore, appellee's expense on legal fees should not be any more, and would probably be less, if the case proceeded to arbitration than if it proceeded in the trial court. Thus, the second and fourth injunction factors weigh in appellant's favor.
 {¶ 33} In order to be entitled to an injunction, the moving party must demonstrate its right to such by clear and convincing evidence. Thus, since the factors are split and the case law supports appellant's position, we cannot conclude that appellee met its burden to get an injunction. Accordingly, appellant's assignment of error has merit.
 {¶ 34} For the reasons stated above, the trial court's judgment is hereby reversed and the judgment vacated.
 Vukovich, J., concurs. Waite, J., concurs. *Page 1