[Cite as *Am. Express Bank, F.S.B. v. Hooker*, 2012-Ohio-2140.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| AMERICAN EXPRESS BANK, FSB | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| ALAN HOOKER | : | Case No. 11-CA-40 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 10CV01498



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               May 11, 2012



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DEREK W. SCRANTON                     JASON A. PRICE
DARLENE M. ROGERS                     126 East Chestnut Street
2300 Litton Lane, Suite 200           Lancaster, OH  43130
Hebron, Kentucky  41048

*Farmer, J.*

{¶1}  On December 3, 2010, appellee, American Express Bank, FSB, filed a complaint against appellant, Alan Hooker, for money due and owing on a credit card account.  Both parties filed motions for summary judgment.  By summary judgment entry filed June 28, 2011, the trial court granted summary judgment in favor of appellee and awarded appellee $29,909.30 plus interest and costs.

{¶2}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶3}  "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF-APPELLEE."

I

{¶4}  Appellant claims the trial court erred in granting summary judgment to appellee.  We disagree.

{¶5}  Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶6}  "Civ.R. 56(C)  provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State*

*ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶7}    As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶8}    Specifically, appellant argues the matter should have been referred to arbitration pursuant to the credit card agreement, and genuine issues of material fact existed relative to the affidavit submitted by appellee.

{¶9}    Attached as Plaintiff's Exhibit B to the December 3, 2010 complaint is the Agreement Between Delta SkyMiles Credit Cardmember and American Express Bank FSB.   The agreement contains an arbitration section which states the following in pertinent part:

{¶10}   "**Initiation of Arbitration Proceedings/Selection of Administrator:** Any Claim shall be resolved, upon the election by you or us, by arbitration pursuant to this Arbitration Provision and the code of procedures of the national arbitration organization to which the Claim is referred in effect at the time the Claim is filed (the 'Code'), except to the extent the Code conflicts with this Agreement.

{¶11}   "**Significance of Arbitration:** IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM."

{¶12} The arbitration language gives either party the right to elect arbitration as opposed to initiating a civil lawsuit. By filing its complaint, appellee chose civil litigation. In his answer filed February 1, 2010, appellant failed to apply for the arbitration remedy as an alternative cause for relief.

{¶13} On April 5, 2011, the trial court filed a scheduling order containing specific dates for discovery, summary judgment motions, mediation, pretrial conference, and trial date. Appellee filed a motion for summary judgment on May 9, 2011 and appellant filed a memorandum contra and cross-motion for summary judgment on May 20, 2011. Within the memorandum contra, appellant requested arbitration for the first time. The memorandum contra and accompanying affidavit did not request a stay.

{¶14} "The general rule is said to be '***that either party to a contract of arbitration may waive it.***' [*La Nacional Platanera v. North American Fruit and Steamship Corp.* (C.A. 5, 1936), 84 F.2d 881, 882] And a plaintiff's waiver may be effected by filing suit. [*Id.; Standard Roofing Co. v. Construction Co.* (1977), 54 Ohio App.2d 153, 157, 376 N.E.2d 610] When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. This is done under R.C. 2711.02***by application to stay the legal proceedings pending the arbitration. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver. [*Standard Roofing Co. v. Construction Co., supra,* at 157-158, 376 N.E.2d 610]" *Mills v. Jaguar-Cleveland Motors, Inc.* (1980), 69 Ohio App.2d 111, 113. (Footnote omitted.) See also, *Jones v. Honchell* (1984), 14 Ohio App.3d 120.

{¶15}  Therefore, appellant's failure to raise the issue of arbitration in his answer and failure to request a stay waived his right to arbitration contained in the agreement.

{¶16}  Appellant also challenges the accuracy or sufficiency of the affidavit filed in support of appellee's summary judgment motion.   However, appellant did not raise this issue in his memorandum contra or affidavit.

{¶17}  Attached to appellee's motion for summary judgment is the affidavit of Jennifer Hartje, Assistant Custodian of Records for appellee.  Ms. Hartje affirmed that she was familiar with and had knowledge of appellant's account, and the books and records of the account "are kept and maintained by Plaintiff within the ordinary course of its business."  We conclude the affidavit qualifies under the business record exception to the hearsay rule and remains unchallenged by appellant.

{¶18}  Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶19}  The sole assignment of error is denied.

{¶20}  The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____ _____


_s/ Julie A. Edwards_____

JUDGES


SGF/sg 425

[Cite as *Am. Express Bank, F.S.B. v. Hooker*, 2012-Ohio-2140.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| AMERICAN EXPRESS BANK, FSB | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ALAN HOOKER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-40 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


_s/ Julie A. Edwards_____

JUDGES