[Cite as *Victor v. Kaplan*, 2021-Ohio-2840.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| VLADIMIR B. VICTOR, | : | |
| Plaintiff-Appellant, | : | No. 110091 |
| v. | : | |
| MARINA KAPLAN, | : | |
| Defendant-Appellee. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 19, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-358403

### *Appearances:*

Cavitch Familo & Durkin, L.P.A., and Roger L. Kleinman, *for appellant.*

McCarthy, Lebit, Crystal & Liffman Co., L.P.A., and Richard A. Rabb, *for appellee.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant Vladamir Victor appeals from an order of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, granting

defendant-appellee Marina Kaplan's motion to stay proceedings and compel arbitration. We affirm.

**Background**

{¶ 2} In the underlying case, the trial court issued a final decree of divorce on January 28, 2019 which included a child support award to Kaplan. Victor appealed that decision to this court on February 28, 2019 in *Victor v. Kaplan*, 2020-Ohio-3116, 155 N.E.3d 110 (8th Dist.).

{¶ 3} On March 28, 2019, Kaplan filed a motion to show cause seeking enforcement of the child support provisions of the divorce decree.

{¶ 4} On January 7, 2020, the parties entered into an arbitration agreement which provided that the Beth Din of America[1] would arbitrate disputes. After the arbitration agreement was signed, Victor filed a separate lawsuit against Kaplan in the Cuyahoga County Court of Common Pleas, General Division, being known as Cuyahoga C.P. No. CV-20-928498. Pursuant to the arbitration agreement, he filed a motion to stay proceedings in that case, which was granted on February 13, 2020.

{¶ 5} This court issued its decision in Victor's appeal of the divorce decree on May 28, 2020.

---

[1] The Beth Din of America, founded in 1960, is one of the nation's preeminent rabbinic courts. It serves the Jewish community of North America as a forum for arbitrating disputes through the Din Torah process. The Din Torah is a hearing of a dispute in front of a recognized Jewish court, in accordance with Jewish law. The dispute may relate to any commercial or personal matter which would normally be adjudicated in a court of law.

{¶ 6} On August 28, 2020, Kaplan filed a motion to stay and compel arbitration, in the domestic relations court, pursuant to the January 7, 2020 arbitration agreement through new counsel who had entered an appearance on August 7, 2020 after original counsel withdrew in June 2020. The trial court granted the motion to stay and compel arbitration on October 14, 2020.

{¶ 7} Victor now appeals the granting of that motion, raising one assignment of error.

## Assignment of Error

> 1. The Trial Court's Order granting Defendant/Appellee's Motion to Stay Proceedings and Compel Arbitration is an abuse of discretion and contrary to the manifest weight of the evidence where a) the undisputed evidence was that the Defendant/Appellant waived the arbitration agreement by waiting more than four months after execution to seek enforcement; b) pursued her pending cross-appeal after execution of the Arbitration Agreement; and c) sought enforcement of the child support order after execution of the Agreement.

## Law and Analysis

{¶ 8} Victor argues that Kaplan's four-month delay in filing her motion to stay and compel arbitration constitutes a waiver of the arbitration agreement. He maintains that, had she wanted to arbitrate, Kaplan would have withdrawn her March 28, 2019 motion to show cause in the trial court and sought a stay in this court. Victor claims that Kaplan intentionally waited until this court ruled before seeking to arbitrate the case.

{¶ 9} Kaplan argues that the delay is but one factor that this court should consider. Rather, when determining whether the arbitration agreement has been

waived, Kaplan asserts that this court must look at the totality of the circumstances which weigh in her favor. Additionally, Kaplan argues that Victor's filing of his motion to stay and compel arbitration in CV-20-928498 constitutes judicial estoppel.

{¶ 10} We review a trial court's determination of whether a party has waived the right to arbitrate a dispute for abuse of discretion. *Debois, Inc. v. Guy*, 2020-Ohio-4989, 161 N.E.3d 99, ¶ 20 (8th Dist.). We also review a trial court's stay pending arbitration under R.C. 2711.02 for an abuse of discretion. *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶ 4 (9th Dist.). An abuse of discretion implies more than just an error of judgment or law, indicating that the trial court acted unreasonably, arbitrarily or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). We may not substitute our judgment for that of the trial court when applying the abuse of discretion standard. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶ 11} There is a strong presumption in favor of arbitration, and both Ohio and federal courts encourage it to settle disputes. *Wishnosky v. Star-Lite Bldg. & Dev. Co.*, 8th Dist. Cuyahoga No. 77245, 2000 Ohio App. LEXIS 4081 (Sept. 7, 2000), *see also ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 500, 692 N.E.2d 574 (1998); *see also Gerig v. Kahn*, 95 Ohio St.3d 478, 482, 769 N.E.2d 381 (2002). However, a party's conduct that is inconsistent with arbitration may act as waiver of the right to arbitrate. *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 413

(3d Dist.1997). "The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." *Phillips v. Lee Homes*, 8th Dist. Cuyahoga No. 64353, 1994 Ohio App. LEXIS 596, 8 (Feb. 17, 1994).

{¶ 12} To determine whether a party has acted inconsistently with the right to arbitrate, this court set forth a list of factors to consider:

> "(1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of the proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts."

*Skerlec v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga No. 98247, 2012-Ohio-5748, ¶ 24, quoting *Phillips* at 12. Further, "[b]ecause of the strong public policy in favor of arbitration, the burden of proving waiver of the right to arbitration is on the party asserting a waiver." *Griffith v. Linton*, 130 Ohio App.3d 746, 751, 721 N.E.2d 146 (10th Dist.1998), citing *Tenneco Resins, Inc. v. Davy Intern., AG*, 770 F.2d 416, 420 (5th Cir.1985).

{¶ 13} A delay in filing a motion to stay the proceedings and compel arbitration is the first factor the trial court weighs when determining whether a party waived her right to arbitrate. *See, e.g., Jones v. Honshell*, 14 Ohio App.3d 120, 122, 470 N.E.2d 219 (12th Dist.1984) (determining that four-year delay in raising an

issue as to an arbitration clause demonstrated party's waiver). Here, Kaplan waited seven months after signing the arbitration agreement to file a motion to stay and compel arbitration. She argues that part of that delay resulted from her need to obtain new counsel. Thus, while the delay may seem unreasonable on its face, we find that upon closer inspection it is nevertheless understandable.

{¶ 14} The second factor examines the extent to which the party has participated in the case. *See, e.g., Georgetown Condo Owners Assn. v. Georgetown L.P.,* 12th Dist. Warren No. CA2002-02-010, 2002-Ohio-6683, ¶ 19 (upholding denial of motion to stay because developer already engaged in extensive discovery). Here, Victor argues that Kaplan should have notified this court in 8th Dist. Cuyahoga No. 108252 that she intended to arbitrate prior to an opinion being published.

{¶ 15} Kaplan maintains that, at the time that the agreement to arbitrate was signed, all briefing was complete and oral argument was held. Kaplan argues that she took no action to invoke the arbitration agreement as the appellate matter was pending.

{¶ 16} The third factor looks to whether the party moving for a stay has invoked the trial court's jurisdiction by filing a counterclaim or a third-party complaint. Here, there is no evidence that Kaplan invoked the court's jurisdiction by filing affirmative claims against Victor or any third-party. Thus, this factor also weights in Kaplan's favor.

{¶ 17} Finally, the fourth factor evaluates whether the non-requesting party has been prejudiced by the inconsistent acts of the party requesting arbitration. Victor maintains that Kaplan's pursuit of her cross-appeal in 8th Dist. Cuyahoga No. 108252 and not withdrawing her March 28, 2019 motion to show cause seeking enforcement of the child support provisions of the divorce decree are both inconsistent acts. We observe that briefing and oral argument were completed in 8th Dist. Cuyahoga No. 108252 before Kaplan signed the arbitration agreement. Additionally, we note that we declined to address Victor's assignment of error on the alleged child support issue. *Victor, supra.* Thus, Victor cannot demonstrate that he was prejudiced by Kaplan's inconsistent acts.

{¶ 18} Accordingly, we find, under the totality of the circumstances, Kaplan did not waive her right to arbitration.

{¶ 19} Finally, in CV-20-928498, Victor filed a motion to stay and compel arbitration, which was granted by the trial court. Because of this, Kaplan argues that Victor is barred by judicial estoppel.

{¶ 20} When a party takes a position in a judicial proceeding, judicial estoppel can prevent that party from taking an inconsistent position in a subsequent action. *Bank of New York Mellon v. Phenon Walker,* 2017-Ohio-535, 78 N.E.3d 930, ¶ 15 (8th Dist.). "'The doctrine applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court.'" *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 25, quoting *Wallace v. Johnston*

*Coca-Cola Bottling Group, Inc.,* S.D. Ohio No. 1:06-cv-875, 2007 U.S. Dist. LEXIS 21170 (Mar. 26, 2007).

**{¶ 21}** We find that Victor's use of the arbitration agreement in a separate case appears to be a position contrary to his position that Kaplan waived her right to arbitration. Moreover, the trial court in CV-20-928498 accepted Victor's position that the arbitration agreement was enforceable. However, Kaplan has not shown that Victor's contrary position was made under oath. Thus, the doctrine of judicial estoppel does not apply.

**{¶ 22}** Accordingly, we find that the trial court did not abuse its discretion in granting Kaplan's motion to stay and compel arbitration. We overrule the assignment of error.

**{¶ 23}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR