[Cite as *Republic Fin., L.L.C. v. Johnson*, 2026-Ohio-1659.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

REPUBLIC FINANCE, LLC,          :

    Plaintiff-Appellee,          :

                         No.  115678

v.          :

DORINZA JOHNSON,          :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  May 7, 2026

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-24-106080

---

### *Appearances:*

Bleecker Brodey & Andrews, Yana T. Ditchey, and Traci B. Shuttz, *for appellee.*

Dorinza Johnson, *pro se.*

MICHELLE J. SHEEHAN, A.J.:

**{¶ 1}**  This appeal arises from plaintiff-appellee Republic Finance, LLC's ("Republic Finance") action to recover amounts due under a consumer loan agreement executed by defendant-appellant Dorinza Johnson ("Johnson").  After a bench trial, the trial court found in favor of Republic Finance and ordered Johnson

to pay $6,070.08 plus prejudgment interest, late fees, and postjudgment interest at the contract rate of 23.60%. Johnson appeals from this judgment raising the following sole assignment of error:

> The trial court erred and abused its discretion in determining to ignore the inducement clause requirement of a valid arbitration agreement.

{¶ 2} Upon a thorough review of the record, we affirm the trial court's decision. While the arbitration of legal disputes is favored under Ohio law, the onus of initiating arbitration proceedings falls on the parties and not the trial court. Because neither party moved the trial court pursuant to R.C. Ch. 2711 to stay the lower court proceedings and enforce the arbitration agreement, the trial court did not err by failing to sua sponte order the parties to arbitration. Moreover, by participating, without objection, throughout the lower court proceedings, Johnson waived any right she may have had to have this matter resolved at arbitration. Johnson's sole assignment of error is not well-taken.

**Statement of Facts**

{¶ 3} In August 2023, Johnson entered into a consumer-loan agreement with Republic Finance. As part of the loan agreement, the parties executed an arbitration agreement that provided that either party "*may* elect to arbitrate disputes between the parties." (Emphasis added.) Arbitration Agreement at p. 1. After making initial payments on the loan, Johnson defaulted by not submitting the required monthly payments. Consequently, in October 2024, Republic Finance instituted this matter to recover the remaining amounts due and owing.

**{¶ 4}** From October 2024 through August 2025, the instant matter proceeded before the lower court. The parties filed various motions and participated in discovery. Several pretrial conferences were held as well as an unsuccessful mediation. On August 27, 2025, a bench trial was conducted.

**{¶ 5}** At the conclusion of the bench trial, the trial court found in favor of Republic Finance and against Johnson. Pursuant to the judgment entry, Johnson was ordered to pay $6,070.08 plus prejudgment interest in the amount of $2,841.53, late fees totaling $45, and postjudgment interest at the contract rate of 23.60%. Johnson appeals.

**Law and Analysis**

**Standard of Review**

**{¶ 6}** R.C. Ch. 2711 governs arbitration in Ohio. Whether the trial court erred by failing to sua sponte order the parties to participate in arbitration involves interpretation of these statutes. Therefore, our standard of review is de novo.[1] *See generally Parma v. Burgos*, 2019-Ohio-2445, ¶ 3 (8th Dist.) ("Statutory interpretation is a question of law, reviewed de novo.").

---

[1] In their appellate briefing, the parties assert that the applicable standard of review is abuse of discretion. The parties correctly state that a trial court's grant or denial of a motion to stay and enforce arbitration is generally reviewed under an abuse-of-discretion standard. This case, however, does not involve a trial court's ruling on a pending motion to stay and enforce arbitration. The sole issue before us is whether the trial court erred in failing to sua sponte enforce the parties' arbitration agreement, which involves our interpretation of the statutes governing arbitration under R.C. Ch. 2711.

**Arbitration Under Ohio Law**

{¶ 7} The sole issue before us is whether the trial court was obligated to sua sponte refer the parties to arbitration when neither party had moved the trial court to stay the lower proceedings and enforce the arbitration agreement pursuant to R.C. Ch. 2711. In *Chef Italiano v. Crucible Dev. Corp.*, 2005-Ohio-4254, ¶ 49 (9th Dist.), the Ninth District aptly answered this very question. Specifically, the Ninth District addressed whether "the trial court erred when it failed to recognize the arbitration clause of the contract between Appellant and Crucible" and whether "such failure constituted reversible error." *Id.* Neither party raised the issue of arbitration before the trial court, but rather, the appellant raised it for the first time on appeal. *Id.* at ¶ 55.

{¶ 8} To answer this question, the Ninth District reviewed the statutes relating to arbitration under R.C. Ch. 2711. *Id.* at ¶ 50-51. Specifically, the Ninth District noted that R.C. 2711.02(B) provides that if a trial court finds that a dispute is subject to arbitration under an agreement, it "shall *on application of one of the parties* stay the trial of the action . . . ." (Emphasis in original.) *Id.* at ¶ 51. Thus, the Ninth District concluded that "it was clear that the trial court can refer a matter to arbitration *only* at the request of one of the parties; it cannot make the referral sua sponte." (Emphasis added.) *Id.* at ¶ 51. By raising arbitration for the first time on appeal, the Ninth District concluded that the appellant had waived its right to arbitration and, moreover, the trial court did not err when it failed to refer the parties to arbitration. *Id.* at ¶ 56; *accord Milling Away, LLC v. Infinity Retail*

*Environments, Inc.*, 2008-Ohio-4691, ¶ 8 (9th Dist.) ("A trial court may not, however, refer the parties to arbitration sua sponte."). Specifically, "a party may waive its right to arbitration if it fails to properly raise the arbitration clause before the trial court." *Id.* at ¶ 53.

**{¶ 9}** This court has previously held that a party may waive its right to arbitrate. *Victor v. Kaplan*, 2021-Ohio-2840, ¶ 11 (8th Dist.); *Mills v. Jaguar-Cleveland Motors, Inc.*, 69 Ohio App.2d 111, 113 (8th Dist. 1980); *Std. Roofing Co. v. John G. Johnson & Sons Constr. Co.*, 54 Ohio App.2d 153, 157 (8th Dist. 1977). A party waives its right to arbitrate by conduct that is inconsistent with arbitration. *Victor* at ¶ 11. "'The essential question is whether, based on the totality of circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate.'" *Id.*, quoting *Phillips* v. *Lee Homes,* 1994 Ohio App. LEXIS 596, * 8 (8th Dist. Feb. 17, 1994). In general, the "[f]ailure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." *Mills* at 113; *Std. Roofing Co.* at 157; *Richard L. Bowen & Assoc. v. 1200 W. 9th St. Ltd. Partnership*, 1991 Ohio App. LEXIS 5109, * 9 (8th Dist. Oct. 24, 1991). This court has also identified a list of factors to consider in deciding whether a party acted inconsistently with the right to arbitrate:

> "'(1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party

complaint without asking for a stay of the proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts.'"

*Victor* at ¶ 12, quoting *Skerlec v. Ganley Chevrolet, Inc.*, 2012-Ohio-5748, ¶ 24 (8th Dist.), quoting *Phillips* at * 12.

**{¶ 10}** Based on the above as well as our de novo review of R.C. Ch. 2711, we agree with the Ninth District and find that a trial court cannot sua sponte refer the parties to arbitration. Specifically, a trial court may only refer the parties to arbitration "on application of one of the parties." R.C. 2711.02(B).

**{¶ 11}** Additionally, we find that Johnson waived her right to arbitrate this matter. Notably, Johnson raises arbitration for the first time on appeal. The record also demonstrates that she actively participated in the lower court proceedings including filing an answer and counterclaim, seeking discovery, and engaging in mediation. The lower court proceedings concluded with a bench trial wherein Johnson appeared and presented a defense. Based on these facts, we conclude that the totality of circumstances demonstrate that Johnson's conduct was inconsistent with the right to arbitrate. Johnson's failure to raise the issue of arbitration before the trial court and for the first time on appeal results in her waiver of the right to arbitrate.[2]

---

[2] We recognize that Johnson is a pro se litigant. However, we hold a pro se litigant to the same standards as litigants who are represented by counsel and they are presumed to have knowledge of the law and its legal procedures. *N. Star Med. Research, L.L.C. v. Kozlovich*, 2025-Ohio-5410, ¶ 17 (8th Dist.), quoting *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22.

**{¶ 12}** Johnson's assignment of error is overruled, and the judgment below is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR